Judge Marshall

delivered the Opinion of the Court.
Kaye and Laws, partners in the business of plastering, in the City of Louisville, having performed the stucco work and plain plastering in the banking house of the defendants, in the years 1836 and 1837; and the parties not having been able to agree on the price of the work, after its completion, the Bank offered to pay three thousand dollars in full, for the work and materials. Laws, one of the partners, accepted one half of this sum in full of his half of the demand. But Kaye, claiming that they were entitled to a much larger sum, refused to settle on the same terms, and filed his bill in the Louisville Chancery Court, claiming a lien under the act of December 28th, 1831, “for the benefit of the mechanics of the city of Louisville.”
The bill alleges that, Kaye and Laws had furnished all the materials; that the work and materials of the stucco work were reasonably worth three thousand and eighty one dollars, and that the plain plastering was reasonably worth six hundred and seven dollars seven and one third cents; and, making Laws and the Bank defendants, prays to enforce his lien for one half of the aggregate sum of three thousand six hundred and eighty eight dollars seven and one third cents. The answer of the Bank—protesting that three thousand dollars was more than was *262 due, and had been offered to prevent a suit—claims a credit for eight hundred and fifty dollars paid to Kaye, besides the fifteen hundred dollars paid to Laws, and also, a deduction from the estimated value of the stucco work, for materials furnished, of the value of one hundred and sixty two dollars, and sets up a special contract as to the plain plastering, by which Kaye and Laws had agreed to do it for thirty three and a third cents the square yard, and deduct ten per cent therefrom; whereas, in the account of the complainant, making up the whole sum charged, the plain plastering is estimated at forty cents per square yard, the customary price in Louisville.
The decree of the Lou. Chancellor.
His conclusions upon facts, sanctioned.
The Chancellor, in his decree, having deducted from the estimated value of the whole work, as above stated, the sum of one hundred and sixty two dollars for materials furnished by the Bank, and also the difference between the value of the plain plastering as charged, and as estimated by the contract price—ascertained the true amount due for the whole, to have been three thousand three hundred and eighty seven dollars seventy three cents; and crediting Kaye’s half thereof by eight hundred and fifty dollars which had been paid—decreed that, unless the Bank should pay the balance (of eight hundred and forty three dollars eighty six cents,) in thirty days, the Court would proceed to enforce the lien. Which decree having been complied with, it was then further decreed that each party pay their own costs.
For the reversal of this decree Kaye assigns three errors:— (1.) that too little was allowed for the work; (2.) that interest should have been decreed upon the balance found due to him, from the time when the work was completed; and (3.) that the defendants should have been decreed to pay the costs.
First. Upon the first point it is sufficient to say that the deduction of one hundred and sixty two dollars, for materials, was agreed to; and that the special contract set up, and the payments for which credit was given, were sufficiently proved. No other deductions were made from the sum claimed, and we may add, in answer to the cross errors assigned by the defendants, that the evidence as to the value of the work, is not of such a char *263 acter as to authorize any further deduction by this Court in opposition to the opinion of the Chancellor.
Tho’ the act ‘for the benefit of the mechanics of the city of Louisville’ which gives them liens on the buildings which they erect in the city, to secure their demands for labor and materials furnished,— provides that the amount due the claimants shall bear legal interest from the time when it was due by the contract—interest is not to allowed in every instance in which a mechanic may choose to avail himself of the act to bring his claim into the chancery court. The act requires that the chancellor shall first ascertain the amount of the demand, and render a decree nisi requiring it to be paid within a prescribed time; and in making the decree, it is discretionary with him to allow interest or not; if the sum due is not paid according to the decree nisi, the lien given by the act, is to be enforced by a sale of the property, and then, the statute gives the interest, as above. So where a mechanic, insisting upon more than, by his contract, he was entitled to—filed his bill to enforce his lien, a decree for the sum actually due (less than was demanded,) without interest, is approved.
Second. In support of the second objection it is alleged that the second section of the act above referred to, contains a peremptory requisition that, in proceedings of this character, the amount found due to the claimants, shall bear interest from the time it was due, by the contract of the parties; and that this requisition applies in the present case, and fixes the completion of the work, as the time when interest should begin. But upon consideration of the objects of the statute, and of the particular provisions of the second section, we are satisfied that the Legislature did not intend, and has not enacted, that, in all cases in which a mechanic, instead of resorting to the ordinary tribunal, may choose to file his bill asserting a lien, he shall, as a matter of course, be entitled to interest. The main object of the statute was to give security to the mechanics of Louisville for the payment of work done by them. It does not intend to establish the principle that mechanics’ accounts in that city shall bear interest in all cases. Nor does it intend to hold out to them a premium for abandoning the common law court, and resorting to the court of chancery, for the settlement of a disputed account, under the pretext of enforcing a lien. It gives the lien as a means of enforcing payment. The second section opens the court of chancery to the mechanic, not simply for the adjustment of his claim, but expressly for the enforcement of his lien. It regulates the proceeding—first, in regard to the parties who may be interested it then provides for the ascertainment of the claim, and says, “when the claim shall be ascertained, the Court shall decree the amount (making no reference to interest,) and shall direct the house, &c. to be sold, on a credit of six, twelve and eighteen months, and shall cause the sale money to be collected and distributed among the claimants,” &c. And, at this point, as if for the express purpose of compensating for this delay in the coercion of the debt, is inserted the following sentence:— “The amount due the claimants shall bear legal interest “from the time the same shall have become due by the “contract of the parties, and the purchaser of the proper"ty shall pay interest from the time of the sale.”
Costs in equity are within the discretion of the chancellor, and are not always allowed where a party obtains a decree.
So, where the demand of a Louisville mechanic was resisted as exorbitant, & he filed a bill to enforce it under the lien law, and obtained a decree for much less than he claimed though more than was admitted, each party pays his own costs, in the court below.
We are of opinion that the statute does not require interest to be decreed, in the first instance, as a part of the claim directed to be ascertained and decreed; but that the right to interest, as a matter of course, attaches only when the lien is actually enforced, and the claimant is compelled to await the result of a sale. In other cases, its allowance or not is left discretionary with the Chancellor, as it would be with a jury. And although we might not have considered its allowance in this case, as an abuse of that discretion, there has been no such delay, or obstacle thrown in the way of a final adjustment in this case, as to require that the defendants should he subjected to payment of interest; and the whole case shows that the only difficulty in the way of a prompt discharge of the debt, was a well founded objection to the amount claimed by the complainant. We are of opinion, therefore, that there was no error in refusing interest.
Third. Upon the subject of the costs, it is well settled that the Chancellor has a discretion, and that costs in chancery do not necessarily follow the decree on the principal subject, This case is substantially an adjustment of accounts, as to which both parties have been somewhat in the wrong, and in which the complainant has set up a claim which maybe characterized as in part unconscientious, and, as to the amount finally decreed, far from being indisputably just. We are, therefore, not disposed to disturb the decree in this respect. Wherefore, the decree is affirmed.