## PROVIDENCE COUNTY.

JOSEPH B. GURNEY & CHARLES H. GURNEY, Copartners, *vs.* JOSIAH WALSHAM.

Pub. Stat. R. I. cap. 177, § 1, as amended by Pub. Laws R. I. cap. 696, of March 21, 1888, give a lien for materials used in construction, erection, or reparation, which have been furnished by any person:

*Held*, that the lien given for materials was only for materials used in such construction, etc., and furnished by the material man to be so used, not for materials furnished on general account to a contractor by the material man.

*Held*, further, that for a lien to attach it was not needful for the materials to have been furnished on the credit of the owner of the estate to be charged.

The statute provides that no lien shall attach unless notice in writing be given and recorded by the material man within sixty days after the materials are placed upon the land :

*Held*, that a notice, whenever given and recorded, would be good for materials furnished within the preceding sixty days, when such materials were placed on the land from time to time as ordered, and not pursuant to an entire contract.

In the city of Providence, the copy of the lien claimant's notice and his account are properly recorded in the office of the recorder of deeds, who by the city charter is to record all instruments by law required to be recorded.

The account of the material man must, to secure a lien, be recorded within six months from the time of commencing the delivery of materials.

*Held*, that, when there was no entire contract, material men were entitled to a lien for materials furnished within six months of the record of their account, and within sixty days of notice given and recorded.

PETITION for the enforcement of a mechanic's lien.

*February* 1, 1890. DURFEE, C. J. This is a petition for the enforcement of a mechanic's lien for materials furnished. The materials were furnished to one William W. May, who had entered into a written contract with the defendant, dated April 20, A. D. 1888, to build a dwelling house for him on a lot of land belonging to him in the city of Providence. The materials were furnished at different times between June 20, A. D. 1888, and October 27, A. D. 1888, inclusive, to be used in the erection of said house, and were so used. The claim of the petitioners is for a balance of $375.04. They gave the defendant written notice of their intention to claim the lien, November 3, A. D. 1888, and the same day placed a copy thereof on record in the office of the recorder of deeds of said city of Providence, in a book kept for that purpose. This notice was given and copy recorded under Pub. Stat. R. I. cap. 177, § 5, as amended by Pub. Laws R. I. cap. 696, § 4, of March 21, 1888, which provides that " no lien shall attach for materials furnished unless the person furnishing the same shall, within sixty days after such materials are placed upon the land, give notice in writing to the owner of the property to be affected by the lien, if such owner be not the purchaser of the materials, that he intends to claim such lien, and shall within the aforesaid sixty days place a copy of said notice on record in the office of the town clerk of the town in which said land is situated, in a book to be kept for that purpose," etc. The defendant claims, that, when these notices were given and recorded, he had paid May all that he was entitled to under his contract, and owed him nothing. The petitioners lodged the account for which they claimed the lien,

with notice to what building and land, and to whose estate therein, said account referred, in the office of the recorder of deeds of said city, February 14, A. D. 1889. The petition was filed the same day.

The defendant contends that the materials were not so furnished as to give the petitioners any right to a lien. Whether they were or not depends on Pub. Stat. R. I. cap. 117, § 1, as amended by Pub. Laws R. I. cap. 696, § 1, of March 21, 1888. The lien given by cap. 177, § 1, before it was amended, extended only to materials used in "construction, erection, or reparation," as there stated, which had been furnished by the person contracted with, or requested by the owner of the estate thereby improved, to make such "construction, erection, or reparation." The lien given by said cap. 177, § 1, as amended, extends to "the materials used in the construction, erection, or reparation, . . . which have been furnished by any person," etc. The language seems to us to be unambiguous except as regards the word "furnished." The word is not expressly limited, and may be thought to cover materials furnished to the contractor on general account, as well as materials furnished to him for use in performing his contract, and so used. We think, however, that the word, taken in connection with its context, must receive the more limited interpretation ; that is to say, that, for the lien to attach for the benefit of the material man, the materials must not only have been used in "the construction, erection, or reparation," but must also have been furnished by him to be used so. The defendant contends that, to give rise to the lien, they must have been furnished on the credit of the owner of the estate sought to be charged. We see nothing to warrant this view. The requirement in the provision above quoted, that the written notice shall be given to the owner, "if such owner be not the purchaser of the materials," is inconsistent with it. We are of opinion that the petitioners, so far as their materials were furnished to May to be used in the erection of said house on said lot, and were so used by him, are entitled to lien therefor, if, and in so far as, they have taken the proper steps to secure it.

The defendant contends that they have not taken the proper steps, because they waited more than sixty days after they commenced furnishing the materials before they gave the written

notice and placed a copy thereof on record in the office of the recorder of deeds. The statute provides that " no lien shall attach for materials furnished unless the persons furnishing the same shall within sixty days after such materials are placed upon the land give notice in writing," etc. Clearly such a notice will not cover materials placed on the land more than sixty days before it is given, so as to entitle the material man to a lien for them, but the statute does not in terms require that the notice, to be effectual for said sixty days, shall be given and placed on record within sixty days after the material man commences delivering, and it seems to us that the more natural and reasonable construction is that the notice, whenever given and placed on record, is good for any materials placed on the land within the next preceding sixty days, when, as in the case at bar, they are placed on the land from time to time as requested, and not in pursuance of any entire contract. Whether it would be good in like manner for materials delivered under an entire contract, affording no *data* for apportionment, we need not now decide.

The defendant contends that the petitioners have not proceeded rightly, because they have placed the copy of the sixty days' notice to the defendant on record in the office of the recorder of deeds of the city of Providence, instead of in the office of the city clerk of said city, as required by the provision before recited, the words " town clerk " therein meaning city clerk when applicable to a city. The charter of the city of Providence, *i. e.* Pub. Laws R. I. cap. 598, of March 8, 1886, section 5, clause 5, provides as follows, to wit: " The city council in convention shall elect annually, on the first Monday in June, an officer to be styled the ' Recorder of Deeds,' who shall perform all the duties and exercise the powers by law incumbent upon or vested in the city clerk of said city, or the town clerks of the several towns, so far only as the same regard the recording of conveyances or other instruments required by law to be recorded, and the furnishing certificates or copies thereof." Under this clause the copy was rightly recorded in the office of the recorder of deeds, unless the clause is to be construed as relating only to such conveyances and other " instruments " as it was incumbent on city and town clerks to record at the time of its enactment. It seems to us that the clause was clearly intended

to be permanently operative, and that therefore, whenever it becomes the duty of city or town clerks by the general law to record an instrument, that duty by force of said clause becomes, in the city of Providence, the duty of the recorder of deeds of said city, and his office becomes the proper place wherein to make the record. We decide that the petitioners proceeded rightly in this matter.

The defendant also contends that the petitioners are not entitled to a lien, because they did not lodge their account in the office of said recorder of deeds in due time. The statute, Pub. Laws R. I. cap. 696, § 4, of March 21, 1888, amending Pub. Stat. R. I. cap. 177, § 5, provides that " no person who shall do work for or furnish materials to be used in the construction, erection, or reparation of any building, . . . without written contract, shall have any advantage of any lien therefor created by this chapter, unless he shall commence legal process for enforcing the same, in manner hereinafter provided, within six months from the time of the commencing the doing of such work, or of the commencing the delivery of materials, if payment for the same shall not then be made." Pub. Stat. R. I. cap. 177, § 7, provides that the commencement of legal process shall be the lodging the account or demand for which the lien is claimed in the office of the recorder of deeds of the city of Providence when lien is claimed on land in said city. The petitioners made their first delivery of materials June 20, A. D. 1888 ; they did not lodge their account or demand as aforesaid until February 14, A. D. 1889, that is to say, not until seven months and twenty-five days thereafter. The account or demand was, therefore, lodged too late to secure the lien, if said June 20 is to be regarded as the time of commencing the delivery of all the materials. The petitioners contend that it is not to be so regarded, because they furnished the materials, not under any one continuing contract, but from time to time, as they were requested to furnish them, so that each delivery was a separate transaction beginning and ending in itself, and they are entitled to have any delivery within six months before the account was lodged regarded as the time of commencing the delivery for materials then or subsequently furnished. Their contention is supported by *Sweet & Carpenter* v. *James*, 2 R. I. 270, 291 ; *Briggs*

v. *Titus and wife,* 7 R. I. 441 ; *Kenyon* v. *Peckham,* 10 R. I. 402. In the case first named the court held that, for work done under a single contract or request, the contractor is entitled to but one lien, and, in order to secure it, must file his notice or account within six months after commencing work ; but that, when the work is done under several contracts or requests, each job so done entitles him to a lien, or that the lien is divisible, so that, when the account filed covers more than six months, the work within the six months will be entitled to the lien, but not the work done previously thereto.

The same construction is applicable in regard to materials as in regard to work, and was so applied in the subsequent case of *Briggs* v. *Titus and wife.* In that case the work was done and the materials furnished from time to time as requested, some more than six months before the account was filed, and the court held that the lien was good, though only for so much as was done and furnished within the six months. These cases are directly in point, for the amendment, extending the lien to materials furnished by material men, puts the lien for such materials, in this respect, on the same footing as for materials furnished by the contractor. In *Briggs* v. *Titus and wife,* as in the case at bar, there was only a balance remaining unpaid, and the court held that the payments on account, not having been applied by the party making them, should be applied to the charges according to the order of time at which they were incurred.

We do not think that said chapter 696 can be held to be unconstitutional, as regards the defendant, because it impairs the obligation of contract. The chapter was passed and went into effect before the defendant's contract with May was entered into, and therefore said contract must be held to have been entered into subject to its provisions.

The court decide that the petitioners are entitled to a lien, but only for materials furnished within six months before the account was lodged, and also within sixty days before the time when the sixty days' notice was given to the defendant and placed on record ; that is to say, for only so much as was placed on the defendant's said land within sixty days before November 3, A. D. 1888.

*Walter B. Vincent,* for petitioners.
*Herbert B. Wood & William Fitch,* for respondent.