CASE 29—ACTION TO ENFORCE MECHANIC'S LIEN—MARCH 29.

## Hightower v. Bailey, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

ACTION BY F. M. HIGHTOWER, LUMBER MERCHANT, v. BAILEY & KOERNER, CONTRACTORS, TO ENFORCE A MATERIAL-MAN'S LIEN.

JUDGMENT FOR THE DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

MECHANIC'S LIEN—MATERIAL MEN—CONSTITUTIONALITY OF STATUTE 2463.

Held:  1. Section 2463, Kentucky Statutes, giving a lien to a person who performs labor or furnishes material in the erection of a building by contract with "the owner, contractor, sub-contractor, architect, or authorized agent," is not unconstitutional, though it provides a lien for persons with whom the owner is supposed to have no contractual relations.

2. A lien is not given for the price of material furnished by one material man to another, but only for material furnished by contract, with the owner, contractor, architect, sub-contractor, or authorized agent.

Hightower v. Bailey, &c.

R. H. CUNNINGHAM, ATTORNEY FOR APPELLANT.

1. The Mechanics' Lien Law, Kentucky Statutes, sec. 2463, as amended by the act of March 21, 1896, is constitutional.

2. Difference in rules as to constitutionality of State and Federal legislation. Griswold v. Hepburn, 2 Duval, 24.

3. The fifth amendment to Constitution of the United States has no application to the States. Thorington v. Montgomery, 147 U. S., 490.

4. The fourteenth amendment confers no right, privilege, or immunity, but simply restricts the exercise of State sovereignty. U. S. v. Cruikshank, 2 Otto, 542; C. B. & Q. R. R. v. Chicago, 166 U. S., 226.

5. The validity of an act is presumed until its nullity is shown beyond reasonable doubt. Collins v. Henderson, 11 Bush, 74; Cooley's Const. Lim., 216, 433, 434; Wellington, Petr., 16 Pick., 87; Alexander v. People, 7 Col., 755; Crowley v. State, 11 Oregon, 512; Kelly v. Meeks, 87 Missouri, 396; Robinson v. Schenck, 102 Ind., 307; Talbot v. Hudson, 16 Gray, 417; Louisville v. Hyatt, 2 B. Mon., 178; Lexington v. McQuillan, 9 Dana, 513; Waller v. Martin, 17 B. Mon., 191; C. & O. R. R. v. Barren Co. Ct., 10 Bush, 313.

6. What constitutes "due process of law." Tribunal, jurisdiction, notice. Bank of Columbia v. Okely, 4 Wheaton, 235, 244; Janes v. Reynolds, 2 Texas, 240; Pearson v. Yewdall, 5 Otto, 294; Taylor v. Porter, 4 Hill, 140; Walker v. Sauvinet, 2 Otto, 678; U. S. v. Ferreira, 13 How., 40; People v. Essex Co., 70 N. Y., 229; Osborne v. Nicholson, 13 Wall., 654; Den v. Hoboken, etc., Co., 18 How., 272; Wilkerson v. Leland, 2 Peters, 658; Leeper v. Texas, 139 U. S., 462; Davidson v. New Orleans, 6 Otto, 97; Pennoyer v. Neff, 5 Otto, 714; Kennard v. Louisiana, 2 Otto, 480; 1 Hen. & Mun., 531.

7. Discussion of authorities relied on contra. Farmers Loan & Trust Co. v. Canada, &c., R. R., 11 L. R. A., 740; McHugh v. Gault, 86 Mich., 133; Kirkwood v. Hoxie, 95 Mich., 62.

8. The owner by his contract authorizes the contractor to procure all such material, and to have done such work as is necessary; and settlement with the contractor is no defense to a claim of lien by the sub-contractor and material-man. Smith v. Neubauer, 144 Ind., 95; Philips Mech. Liens, 2d Ed., sec. 33; Colter v. Frese, 45 Ind., 96; Barker v. Buell, 35 Ind., 302; White v. Miller, 18 Pa., 52; Neely v. Seabright, 113 Ind., 316; Hamilton v. Naylor, 72 Ind., 175; Adams v. Buhler, 116 Ind., 100; Ferguson v. Despo, 8 Ind. Ap., 523; Kellogg v. Howes, 81 Cal., 170; Parker v. Bell, 7 Gray, 429; Weeks v. Walcott, 15 Gray, 54; Clark v. Kingsley, 8 Allen, 543; Cole Mfg. Co. v. Falis, 90 Tenn., 466;

Reeves v. Henderson, 90 Tenn., 521; Bardwell v. Mann., 46 Minn., 285; Mallory v. LaCrosse Abattoir Co., 80 Wisconsin, 170; Albright v. Smith, —— So. Dakota, ——; French v. Bauer, 20 L. R. A., 560; Jones v. Hotel Co., 86 Fed. Rep., 370.

9. Every contract is made in contemplation of the law which enters into and is a part of such contract and governs it.

YEAMAN & YEAMAN, ATTORNEYS FOR APPELLEE.

1. Mechanics' liens are purely statutory. They had no existence at common law.

2. The only question involved in this case is the constitutionality of the Mechanics' Lien Law, sec. 2463, Kentucky Statutes.

3. The statute as amended eliminates the requirement of notice to the owner by the contractor, or to the sub-contractor by the material-man. The owner may have paid his contractor in full for the work, yet the sub-contractor in the first, second or third degree of the material man whom he never heard of may, at any time, within six months after he has ceased to labor or to furnish material assert a lien against the property (sec. 2468, Ky. Stat.) If such is the purpose of the act, we submit that the Legislature has exceeded its powers. It can not thus appropriate and apply one's property without consent, and such act is unconstitutional.

AUTHORITIES CITED.

Mechanics' Lien Law prior to act of March, 1896, Ky. Stats., ed. 1894, sec. 2463.

Mechanics' Lien Law of March 21, 1896, Ky. Stats., ed. 1899, sec. 2463-2467, acts 1896, p. 47.

Statutes similar to the act of March, 1896, held unconstitutional. John Spry, &c., v. Sault, &c., 77 Mich., 199, and 6 Lawyers Reps., Annd. 204 and 18 Am. St. Reps., 397.

Schroeder v. Galland, 7 L. R. A., 711 and 19 Am. St. Rep., 691.

Benedict v. Hood, 19 Am. St. Rep., 698.

Nice v. Walker, 34 Am. St. Rep., 688.

Waters v. Wolf, 42 Am. St. Rep., 815.

Meyer v. Berlandi, 12 Am. St. Rep., 663.

Jones v. Great Southern, &c., 79 Fed., 474.

Randolph, &c., v. Builders, &c., 17 Southern Rep., 721.

Selma Sash, &c., v. Stoddard, 22 Southern Rep., 555.

APPELLANTS' AUTHORITIES REVIEWED.

Kellogg v. Howes, 6 L. R. A., 588.

French v. Bauer, 20 L. R. A., 560.

OPINION OF THE COURT BY CHIEF JUSTICE HAZELRIGG—AFFIRM-
ING.

Walling & Co., desiring to build a grain elevator on their
lot in the city of Henderson, Ky., contracted with Bailey
& Koerner to furnish all the necessary material and to
construct the improvement.   Bailey & Koerner, who were
builders and contractors, contracted with H. W. Clark,
Jr., a lumber merchant at Henderson, for a large quantity
of the lumber necessary for the building.   Clark then
contracted with Hightower, a lumber dealer at Ragan,
Ala., for a quantity of lumber, for the purpose of using it
in filling his contract with Bailey & Koerner.   On the
completion of the work, it appears that Bailey & Koerner
have paid Clark in full for the lumber furnished under his
contract, including the Hightower lumber, but Clark has
failed to pay Hightower.   The latter has therefore brought
this action in the Henderson Circuit Court, claiming a lien
on Walling & Co.'s lot and building for what Clark owes
him.   It is the contention of counsel that, under our stat-
ute, Hightower, as a material man, has this lien, without
regard to the state of the account between Walling &
Co. and Bailey & Koerner, or between the latter and Clark.
But because there was no averment in Hightower's peti-
tion, as there could not truthfully have been, to the effect
that Bailey & Koerner or Walling & Co. were indebted to
Clark, the chancellor dismissed the petition on demurrer,
—holding that while the statute as amended by the act
of March 21, 1896 (Ky. St., section 2463), in terms gave
Hightower the lien, the statute as so amended is unconsti-
tutional; and this is the first question considered.   The
statute is as follows: "A person who performs labor
or furnishes materials in the erection, altering or repair-
ing a house, building or other structure, or for any fixture

or machinery therein, or for the excavation of cellars, cisterns, vaults, wells or the improvement, in any manner of real estate by contract with, or by the written consent of, the owner, the contractor, sub-contractor, architect or authorized agent, shall have a lien thereon, and upon the land upon which said improvement shall have been made or on any interest such owner has in the same, to secure the amount thereof with costs; and said lien on the land or improvements shall be superior to any mortgage or incum. brance created subsequent to the beginning of the labor or furnishing of the materials; and said lien, if asserted as hereinafter provided, shall relate back and take effect from the time of the commencement of the labor or the furnishing of the materials: provided, that such lien shall not take precedence of a mortgage or other contract lien or *bona fide* conveyance for value without notice, duly re. corded or lodged for record according to law, unless the person claiming such prior lien shall before the recording of such mortgage or other contract lien or conveyance. have filed in the clerk's office of the county court of the county wherein he shall have performed labor or furnished material, or shall expect to perform labor or furnish materials as aforesaid, a statement showing that he has performed or furnished, or that he ex pects to perform or furnish, such labor or materials, and the amount in full thereof, and his lien shall not, as against the holder of said mortgage or other contract lien or conveyance, exceed the amount of the lien claimed, or expected to be claimed, as set forth in such statement. . . . The liens provided for herein shall in no case be for a greater amount in the aggregate than the contract price of the original contractor; and should the aggregate amount of liens exceed the price agreed upon between the

original contractor and the owner, then there shall be a *pro rata* distribution of the original contract price among said lien-holders." This statute is radically different from our former laws on this subject, and has not heretofore been before this court for construction. The preceding statute, while giving liens to contractors, sub-contractors, material men, and laborers, practically thereby provided a process of garnishment in the hands of the owner of any money he might owe the contractor. Its purpose was merely to substitute the sub-contractor, material man, and laborer to the rights of the contractor, and was effectual only in the event the owner was indebted to the contractor. It was entirely safe for the owner, without notice of the claims of others, to pay his contractor when he pleased,—even in advance. The present statute was clearly meant to fasten, and does fasten, on the property of the owner a lien for the claim of the sub-contractor, material man, and laborer, although the owner has no notice of such claims, and may owe the contractor nothing. When applied to the facts of this case, assuming that Hightower is a material man, and Clark a sub-contractor, within the meaning of the statute, the law gives to Hightower a lien on the lot and improvement of Walling & Co., without regard to the state of account between the owners and the contractors or the contractors and Clark. This is, in effect, argue counsel, the taking of Walling & Co.'s property to pay the debt of another, and gives them no day in court, and is, moreover, an unwarrantable interference with the right of Walling & Co. to make such contract as they pleased with Bailey & Koerner, and discharge their obligations when and as they pleased. This contention is not without authority to support it. The Ohio courts seem to so hold, and perhaps, also, the courts of

Michigan. But the weight of authority seems the other way. In Laird v. Moonan, 32 Minn., 358, (20 N. W., 354), the constitutionality of an act from which our act seemingly is copied is elaborately discussed, and the act upheld. In Wisconsin the same conclusion was reached. Mallory v. Abattoir Co., 80 Wis., 170, (N. W., 1071). So, in Massachusetts, in Donahy v. Clapp, 12 Cush., 440; Bowen v. Phinney, 162 Mass., 593, (39 N. E., 283). In Manufacturing Co. v. Falls, 90 Tenn., 466, (16 S. W., 1045), the court said: "It is true that a lien is provided for persons with whom the owner is supposed to have no direct contractual relations, but the fact alone does not invalidate the act; for the owner must be held to a knowledge of the existing law on the subject, and to the presumption that he employed the original contractor and gave out his work with reference to that law. The right of lien to sub-contractors and material men is, by operation of law, incorporated into and made a part of the owner's contract, as much as if expressly included and written therein. He contracts about a subject in which the law declares certain advantages to all persons concerned, whether by direct contract with him, or by the employment of his contractor. The law declares that a lien shall exist in favor of the sub-contractor and material man in certain contingencies. Hence the owner who makes the contemplated contract can not justly complain of the legal result, especially when he derives the benefit of the labor and materials of those for whom the lien is provided, and who often have no other means of compensation. The enforcement of this law does not necessarily result in loss to the owner, nor take from him something for nothing." In Colter v. Frese, 45 Ind., 96, the same conclusion was reached after an exhaustive examination. So, also, in

Hicks v. Murray, 43 Cal., 515, the court thought the act constitutional. To the same effect are the cases of At-wood v. Williams, 40 Me., 409; Gurney v. Walsham, 16 R. I., 699, (19 Atl., 323); Improvement Co. v. Karn, 80 Va., 589; Railroad Co. v. Howison, 81 Va., 125; Lumber Co. v. Mc-Chesney, 1 Wash. St., 609, (21 Pac. 198); Paine v. Tilling-hast, 52 Conn., 532. So, also, in Maryland, in Treusch v. Shryock, 51 Md., 162.

An elaborate and learned discussion of this question is found in Jones v. Hotel Co., 30 C. C. A., 108; 86 Fed., 370, considered in the United States Circuit Court of Ap-peals, before Circuit Judges Lurton and Taft and District Judge Clark. After reviewing the authorities, the learned judge (Lurton) said: "But the validity of the statutes need not be rested upon mere authority. They find sanc-tion in the dictates of natural justice, and most often ad-minister an equity which has recognition under every sys-tem of law. That principle is that every one who by his labor or materials has contributed to the preservation or enhancement of the property of another thereby acquires a right to compensation. . . . The legal effect of the contract [between the owner and contractor] is to give a lien to all who at the instance of the contractor shall be employed to furnish labor or materials for the work which he has let out. So far as such a statute is limited to future contracts, it can not be said to impair the obli-gation of a contract. If the law be subject to no other objection, it impairs no contract, for all thereafter made are entered into upon the basis of the law. . . .Neither can the owner be said to be thereby deprived of his prop-erty without due process of law. He has voluntarily made a contract, with the law before him. He has thereby sub-jected his property to liability for certain debts of the

contractor. His own voluntary consent is an element in the transaction. He. knows what the law is, and makes a contract under the law. It is idle to say that under such circumstances he is deprived of his property without due process of law."

In Henry & Coatsworth Co. v. Evans, 97 Mo., 47; 10 S. W., 868; (3 L. R. A., 332), Judge Barclay, in an able opinion overruling a former and contrary opinion (Henry v. Rice, 18 Mo. App., 497), sustained the validity of a statute similar to the Kentucky statute. Under the Nebraska statute, the owner is liable for labor and material, without regard to the state of the account between himself and the contractor. Ballou v. Black, 21 Neb., 131; (31 N. W., 673). So in Nevada, Hunter v. Truckee Lodge No. 14, 14 Nev., 24.

. In Phil. Mech. Liens (3d Ed.) sec. 57, the author thus states the doctrine: "The lien of the mechanic being a remedy by which the property of one man may be taken for the benefit of another, it necessarily follows that it can only arise by the free consent of him to whom it belongs. . . . It is, however, no more necessary that the contract from which the lien is to follow as an incident should be the personal act of the owner, than in other matters. Necessity has created, and the law sanctioned, the performance of the affairs of life by means of agents duly authorized by principals. . . . This agency may be implied as well as expressly created. Every man must necessarily be presumed to know the public laws in existence, and to contract with reference to their provisions. Whenever, therefore, from public policy, it is found necessary to extend by statute a lien against the property of an owner, to answer to a subcontractor or others with whom he is not in privity, and the owner shall thereafter

make such contract, from which the statute declares the lien to subcontractors and others shall flow, the original contract of the owner will be conclusively presumed to imply the consent that his property may be taken to pay indebtedness to subcontractors thus imposed by the law. On this ground contractors have been allowed to pledge the credit of property to subcontractors and material men."

An admirable statement of the grounds on which such statutes rest is found in Albright v. Smith (S. D.) , 51 N. W., 590.

We regard the authorities cited (and there are many other cases in point) as entirely sufficient to uphold the constitutionality of the statute. Notwithstanding this, we think the chancellor acted properly in dismissing the petition. While the case seems to have been heard below on the theory that Clark was a subcontractor and Hightower a material man, within the meaning of the statute, the pleadings do not sustain such theory. Hightower is a lumberman, and furnished materials, it is true, but he furnished them to Clark, another material man. The petition avers that he furnished the lumber to Clark at his special instance and request, and for which he agreed to pay the purchase price, and he so furnished it to Clark for the purpose of being used, and it was used, in building for Walling & Co. a certain elevator. He further avers that he filed his statement in the clerk's office, as required by law, showing that he claimed a lien for the materials furnished Clark as subcontractor. But the averments of the pleading do not show that Clark was a subcontractor, but do show that he was merely a material man, under contract with the contractors, Bailey & Koerner,

to furnish certain lumber for the elevator.   Clark and
Hightower were both material men, but the statute does
not give a lien to a material man who furnishes materials
to another material man.   The materials for which the
statute gives a lien are those which are furnished to an
owner, a contractor, subcontractor, architect, or author-
ized agent.   We can not extend the statute beyond its
plain language and evident meaning.   The hardships to
owners are apt to be considerable, even under the terms
of the statute.   If the right to the lien be extended beyond
the terms, then it can be extended indefinitely, and there
would be no safety in contracting for the erection of a
building.   The statute so extended would be impractica-
ble.   In Phil. Mech. Liens (3d Ed.), sec. 51, it is said "that
a lumber dealer, employed merely to furnish lumber,
whether manufactured or not, is not a contractor for the
erection of the building, or any division of it.   He is a
material man, merely, or a workman, if he works up his
lumber into frames, doors, etc., and is not employed to
erect or put up the building or any of its primary divi-
sions."   In Merriman v. Jones, 43 Minn., 29; (44 N. W.,
526), it was held that one who sells materials to the dealer
who has contracted to supply the contractor is not a sub-
contractor, within the meaning of the Minnesota statute,
and has no lien.   This statute, we have seen, apparently
furnished the model for the Kentucky statute.   A
strict application of this rule should be made in this case,
because it appears from the plaintiff's pleadings that when
he shipped the first lumber to Clark he did not know for
what particular purpose or for whose building the lumber
was intended, and he could not, therefore, have sold it on
the credit of the building of Walling & Co., to be erected,
but trusted alone in Clark's credit.   It was a simple and

ordinary sale of lumber by one lumber merchant to another like merchant, and apparently on the sole credit of the purchasing merchant. Wherefore the judgment denying the lien is affirmed.

Petition for rehearing filed by appellant and overruled.