CASE 55—ACTION BY BROWINSKI, &C. AGAINST PICKETT, &C. TO EN-
FORCE A MATERIAL MAN'S LIEN.—MAY 21.

# Browinski, &c. v. Pickett, &c.

APPEAL FROM CARROLL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS FOR PART OF THEIR CLAIM AND BROWINSKI
APPEALS.  REVERSED.

MECHANICS' LIENS—LIEN OF MATERIAL MAN—PURCHASE OF MATERIALS
BY CONTRACTOR—PAYMENT BY OWNER TO CONTRACTOR.

Held:  Under Kentucky Statutes, section 2463, which secures a lien
to persons who furnish labor or materials in the erection of a
building, one who has furnished materials to a contractor, to
be used by him in the erection of a building for another, and
which have been so used, may, by filing his statement as re-
quired by law, acquire a lien on the building, though the owner
may owe the contractor nothing, and though the materials were
purchased by the contractor in his own name, and not as agent of
the owner.

J. A. DONALDSON, ATTORNEY FOR APPELLANTS.

1. Appellants say the court erred in not adjudging that they
had a lien on the real estate described for the full amount of
$856.53 with interest from February 20, 1899 and costs.

2. The court erred in permitting appellee Barker's amended
answer to be filed, over appellant's objection, without being ver-
ified.

3. The court erred in not rendering judgment against both
Pickett and Barker when they allege in their petition that they
sold and delivered said materials to Pickett at the request of
Barker and pray for judgment against both, and Barker does not
deny said allegation in his answer.

The claim of the appellants is for material furnished by them
to, and used by, the contractor, Pickett, in the erection of a build-
ing on real estate owned by Barker.

The court gave judgment against Pickett for the amount
claimed and notwithstanding the pleadings and proof show that
the contract price for the construction of the building in which
said materials were used was $15,196.50, and every requirement
of the statute to secure the lien had been duly complied with by

appellants, the court adjudged a lien on the real estate for only $342.61.

The material was sold and delivered by appellants to Pickett between December 5 1898 and January 6, 1899 and on February 20, 1899, appellants filed in the office of the clerk of the Carroll county court a statement, sworn to by them of the amount due them for said materials with a description of the property intended to be covered by the lien, and the name of the owner, and that said materials were furnished by contract with the contractor employed by the owner of the property stating the balance due for said materials to be $856.53.

We insist that under this showing, appellant is entitled to judgment for the full sum claimed against Barker and a lien therefor.

JOHN S. GAUNT and THOMAS W. BULLITT, for appellee, Barker.
We submit:

1. Plaintiffs have not by their petition shown themselves entitled to any lien whatever on Barker's property.

2. If entitled to a lien at all, it is only for their pro rata on $874 divided among lien creditors to the extent of $2,992.24 which is about thirty per cent. on their claim.

Pickett agreed to furnish all necessary labor and material and to turn over the house to Barker complete, for $15,196.50— Barker was allowed to retain twenty per cent. of the monthly estimates of the work until the house was completed—Pickett prosecuted the work until early in January, 1899, when he abandoned it and left it incomplete, and Blakeley completed the work at his own expense. Prior to the abandonment of the work, Barker had paid Pickett $12,219.27. He paid to complete the work $1,688.34, making $14,320.54 paid altogether, leaving a balance due on the contract $874.41 and no more.

In addition to plaintiff's claim, there are other claims created by Pickett on said work which added to plaintiff's claim aggregate, $2,992.24.

### AUTHORITIES CITED.

Hightower v. Bailey, 22 R., 88; Kentucky Statutes, sec. 2463;

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

On August, 1898, A. F. Pickett contracted with M. I. Barker to furnish all the material and labor necessary for the completion of a block of buildings according to the plans and specifications of the architect on a lot owned by

Barker in Carrollton, Ky., at the price of $15,196.50. By
the terms of the contract, at the end of each month the
architect was to furnish an estimate of the value of the
work done by Pickett, and Barker was to pay 80 per cent.
thereof, and was to retain the remaining 20 per cent. until
the completion of the building as a guaranty for the faith-
ful performance of his contrakt by Pickett. In January,
1899, Pickett abandoned the job, leaving the house un-
finished, having been paid prior to that time $12,632.20.
Barker finished the house at the cost of $1,688.34, having
paid altogether $14,320.54, leaving in his hands $874.41 of
the contract price; and the outstanding claims due to par-
ties who furnished material in the erection of the building
amounted to $2,992.24. Among them was a claim due
to Browninski & Adcock, aggregating $856.53, for paints,
putty and glass furnished to Pickett, which were used in
the building. Barker prorated the balance remaining in
his hands to the unpaid claims, and offered to pay Brownin-
ski & Adcock their proportion, which was refused. They
thereupon filed the statement required by section 2468 of
the Kentucky Statutes in the office of the clerk of the coun-
ty court of Carroll county, and on the 13th of September,
1899, instituted this suit against both Pickett and Barker,
seeking a personal judgment for the amount of their claim,
and for an enforcement of their lien for the full amount of
their debt. They alleged that the glass, putty and paints
were sold and delivered to Pickett at the request of Barker,
to be used in the building, and that they were in fact so
used. The case was referred to the master commissioner,
as required by section 2471 of the Kentucky Statutes, who
reported that the plaintiffs had a lien on the building for
the full amount of their debt. Barker, in his answer, "says
that he has no knowledge or information sufficient to form

a belief that the articles sued for by the plaintiffs were
purchased by Pickett, and used in the erection of the build-
ing; and denied that he either ordered the materials or
promised to pay therefor." He subsequently filed an
amended answer, setting out the facts detailed supra, and
offered to pay the plaintiffs $265.62. The plaintiff Adcock
testified that they furnished to Pickett all the materials
sued for at the price named, and that they were used by
Pickett in the erection of the Barker building; that while
the materials were being furnished they notified the son
of Barker, who was superintending the construction of
the building, that they were furnishing these materials
to Pickett, and demanded payment for the amount which
had been furnished up to that time, and that he told them
to keep him advised as to the increase in the bill, and
promised that he would reserve out of what was due Pick-
ett enough to pay them. Neither Pickett nor Barker tes-
tified in the case, and upon final submission the chancellor
gave judgment against Pickett for the full amount of the
debt, and adjudged that plaintiffs had a lien on the real
estate for $346.61. Plaintiffs upon this appeal complain
that the trial court erred to their prejudice in not adjudg-
ing them a lien for the full amount of $856.53, with inter-
est from the 20th of February, 1899, and Barker, by cross
appeal, complains that the judgment awarded plaintiffs a
lien in excess of $245.62.

In Hightower v. Bailey, 108 Ky., 198 (22 R., 88) (56 S.
W., 147) (49 L. R. A., 255), this court said, in construing
section 2463 of the statutes, which secures a lien to per-
sons who furnish labor or material in the erection of a build-
ing: "This statute is radically different from our former
laws on this subject. The preceding statutes, while giving
liens to contractors, sub-contractors, material men, and

laborers, practically thereby provided a process of garnishment in the hands of the owner of any money he might owe the contractor. Its purpose was merely to substitute the sub-contractor, material man and laborer to the rights of the contractor, and was effectual only in the event the owner was indebted to the contractor. It was entirely safe for the owner, without notice of the claims of others, to pay his contractor when he pleased, even in advance. The present statutes were clearly meant to fasten, and do fasten, on the property of the owner a lien for the claims of the sub-contractor, material man and laborer, although the owner has no notice of such claims, and may owe the contractor nothing." There is no doubt that appellants furnished the material sued for to Pickett to be used by him in the erection of appellee's house, and that they were so used. The statute, under this state of fact, gave to appellants a lien upon the land on which the building was erected, which can not be evaded by the owner by paying to the contractor on estimates made by the architect; and the fact that he did so furnishes no defense to the claim sued for. The only limitation upon the liens of persons who furnish labor and material in the erection of the building is that they shall in no case be for a greater amount than the contract price of the original structure. The report of the commissioner shows that appellants are the only parties who have availed themselves of this provision of the statute, and secured a lien upon the property of appellees. It is insisted for appellee that, before a material man can acquire a lien under the statute, it must appear that the material was obtained by the contractor as the agent of the owner for use in the construction of the building; that, if purchased in his own name, with the intention to be used in the construction of the building, the ma-

terial man would acquire no lien upon the property, even for the materials that were actually used in the building. There is nothing in the statute which is susceptible of such a construction. On the contrary, it says in plain terms that a person who performs labor or furnishes materials in the erection, altering or repairing of a house by contract with the owner. contractor, sub-contractor, architect or authorized agent shall have a lien thereon and upon the land upon which said improvements shall have been made. The testimony in this case is up both to the letter and spirit of the statute, and we think the chancellor erred in not adjudging appellants entitled to a lien on the property for the full amount of their claim.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.