CASE 94.—ACTION BY THE SCHNUTE HOLTMAN COMPANY
        AGAINST FOREST, LEE SWEENEY AND OTHERS.
        —February 15, 1910.

## Schnute Holtman & Co. v. Sweeney, &c.

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for defendants for partial relief and plaintiff appeals and defendants file a cross-appeal. —Affirmed.

1. Mechanic's Liens—Subcontractors and Materialmen—Contract with Owner.—Ky. Stat., section 2463, giving a mechanic's lien to those who perform labor or furnish materials for the improvement of real estate by contract with or by the written consent of the owner, contractor, subcontractor, architect or authorized agent, contemplates that the owner who contracts for such improvement includes in the contract every person who furnishes material or does labor, whether named or not, and without reference to the owners' actual knowledge that the claimant is so furnishing material or doing work; the only limitation on the owner's liability being the aggregate contract price.

2. Mechanics' Liens—Priority.—Under Ky. Stat. section 2463, giving contractors and materialmen a lien for the construction and repair of improvements on real estate, if the contracts of the claimants are all of equal dignity, as where some performed labor and others furnished material under contracts with the owner, their liens will be of equal rank, while if the whole contract is let to one contractor, and he sublets the work or some part of it, and buys material from others for the building, his laborers and materialmen will share equally in the appointment of the contract price before he will be allowed to take any part thereof.

3. Mechanics' Liens—Contract—Performance—Payment of Price. —An owner of land having contracted for its improvement need not pay any part of the contract price until protected

by release of the claims of contractors, subcontractors, laborers, and materialmen.

4.   Interest—Unliquidated Claims.—Under Ky. Stat., section 2463, giving a lien to subcontractors and materialmen for the "amount" of material or labor furnished, the lien claimants were properly disallowed interest in the exercise of the court's discretion against the owner, where the owner's liability to the contractor was unliquidated and in dispute, especially where the owner died shortly after suit to enforce the lien was commenced, and his personal representatives had no other way to ascertain the amount due except by the judgment of the court.

5.   Costs—Offer to Confess Judgment.—Where defendant's offer to confess judgment was more advantageous to plaintiff than the judgment subsequently recovered, defendant could not recover costs subsequently offered, as provided by Civil Code Prac., section 640.

6.   Witnesses—Competency—Transaction with Persons Since Deceased.—In a suit to enforce certain mechanics' liens, one of the contractors was not disqualified to testify for plaintiff against the estate of the owner as to extra work performed and its value under Civ. Code Prac., section 606, forbidding a witness to testify in his own behalf as to any transaction with one who is dead when the evidence is given, the testimony being competent as against decedent's devisee who was present at the transaction testified to by the witness, and who took title to a part of the property improved, and was a party to the proceeding.

7.   Pleading—Defects—Cure by Evidence and Judgment.—Where, in a suit to enforce a mechanic's lien, the evidence clearly showed that the material for which the claim was made was sold to the contractor for use in the construction of the building in question, and was so used, failure of the petition to sufficiently charge such fact was cured by the evidence and judgment.

E. D. ANDERSON for appellant.

LITTLE & SLACK for appellees.

OPINION OF THE COURT BY JUDGE O'REAR —Affirming.

F. N. Barnes & Co., contractors, agreed in writing with A. G. Sweeney on March 22, 1904, to furnish

for the sum of $4,000 all the labor and material necessary to remodel, build, and complete for him, according to architect's plans and specifications, two houses on his lot in Owensboro. Appellant Schnute Holtman Company by contract with Barnes & Co. furnished $1,117.46 worth of material, which was used in building the house. Under the agreement between the owner and the contractors, the latter were to be paid as the work progressed 80 per cent. of the estimates of the work as certified to by the architect, and the owner did pay to them from time to time to the amount of $2,750 on the contract price. Certain alterations were made in the plans, which increased the contract price $500 as found by the circuit court. Barnes & Co. abandoned the work before it was completed, and the owner was compelled to, and did, buy other material and employ labor to finish the job at a cost of $2,470.90. Barnes & Co. paid nothing on their contract with Schnute Holtman Company for material. The latter filed in due season an itemized, verified statement of the account for material, in order to obtain a materialman's lien on the lots under sections 2463-2468, Ky. Stat. Appellant then brought this suit to enforce its lien, claiming interest on its account from October 1, 1904. Sweeney, before answer, offered to confess judgment for $800 and interest from October 11, 1904, which was declined by the plaintiff. Sweeney then answered, denying that appellant had furnished the material to be used in those buildings, and he set out that he had made the payments above stated, all of which had been used by Barnes & Co. in paying for other material furnished and labor done in building the houses, and that he had paid and would be compelled to pay to complete the work $2,470.40 more

(found by the court to be $2,395); that these sums exceeded the contract price; and that he should not be compelled to pay plaintiff more that its pro rata of the contract price, measured by the sum of all labor and material furnished by others than Barnes & Co. It is admitted of record that Sweeney paid the sums for labor and material as claimed in his answer.

Assuming that the extra work increased the contract price by $500 as found by the circuit court (and we are not inclined to disturb that finding on this record), the facts are that the contract price was $4,500, and the owner has paid $5,125 on account of labor and material, not including labor and material furnished by the contractors Barnes & Co. The sum owing appellant for material, $1,117.46, brings the total cost up to $6,242.46. The question for decision is: Must the owner pay appellant's claim of $1,117.46 in full under the statute, or is it to be prorated with the other claims paid by the owner for the labor and other material? The judgment of the circuit court from which this appeal is prosecuted was based upon the latter proposition. The statute defining the condition upon which the liens of materialmen and laborers may arise as against the owner of the property is section 2463, Ky. Stat. (Carroll's). The lien is given to those who perform labor or furnish material for the improvement by erecting structures or machinery upon real estate of another by contract with or by the written consent of the owner, contractor, subcontractor, architect, or authorized agent. The statute contemplates that the owner who contracts for such improvement of his property includes in his contract every person who furnishes any part of the material, or does any part of the labor, whether named or not, and without reference to the actual

knowledge of the owner that he is so furnishing the material, or doing some part of the work. This construction of the statute was first given in Hightower v. Bailey, 108 Ky. 198, 56 S. W. 147, 22 Ky. Law Rep. 88, 49 L. R. A. 255, 94 Am. St. Rep. 350, and has been adhered to ever since. The only limitation upon the owner's liability found in the words of the statute is in this clause of section 2463: "The liens provided for herein shall in no case be for a greater amount in the aggregate than the contract price of the original contractor; and should the aggregate amount of liens exceed the price agreed upon between the original contractor and the owner, then there shall be a pro rata distribution of the original contract price among said lienholders." There is no express distinction in the letter of the statute between the lien given to the original contractor and that given to materialmen who furnish him material, or laborers who work for him on the building, or subcontractors who perform some of the work. The statute gives each of them a lien on the property as against the owner and under the letter of the proviso quoted above no distinction is suggested between them when the liens are greater in the aggregate than the contract price. But that is only a seeming equality. The original contractor has a lien under the statute against the property to the extent of the contract price for the material and labor he furnishes. The subcontractor, and those who furnish to the contractor, or subcontractor, labor or material for the building, have liens also, subject to the terms of the statute. But they have in addition a demand against the one with whom they contracted for the full amount of their claim for services or material irrespective of their liens. The priority is worked

out upon the principle of subrogation; that is, those to whom the contractor is indebted for labor or material furnished for the building are not only given a lien upon the property the value of which they have enhanced, but, as between them and the contractor, they have a prior right to be paid out of the property, because the lien is created by their labor or goods, and he has agreed to pay them out of the proceeds. Should he be suffered to share equally with them, he might, as by collecting his pay in advance, defeat a large part of their claims if the contract price be less than the total of the liens. But if the contracts are of equal dignity, as where some perform labor, another furnishes part of the material under a contract with the owner, and another another part, their liens will be of equal rank; or, if the whole contract be let to one contractor, and he sublets the work or some part of it, and buys the material from others for the building, his laborers and materialmen will share equally in the apportionment of the contract before he will be allowed to take any part of it. These principles are deducible from the cases following Hightower v. Bailey, supra, which will be noticed below. The statute is read into each contract. The owner is presumed to have engaged to each person employed in work upon or furnishing material for the building to pay him for his work or property out of the contract price, and to take notice not only of the fact that they have furnished the labor and material, but of the rank of the priorities among them. The owner is protected by the statute, in that his liability is limited to his contract price. He need not pay any of it until protected by having the release of the subcontractors, laborers, and materialmen. The statute makes a short period of

limitation, after which, if the liens are not then perfected of record, he may safely ignore them.

In Hodges v. Arvidson, 66 S. W. 601, 23 Ky. Law Rep. 2078, the contractor had been paid in full by the owner in ignorance of the fact that the former had bought some of the material from another to be used in the building and had not paid for it. We held that the owner was liable notwithstanding; the materialman having filed his lien as provided by statute. Thus the principle was applied that the first contractor's claim against the contract price was postponed until after that of the materialman who had sold him the lumber. In Browinski v. Pickett, 113 Ky. 420, 68 S. W. 408, 24 Ky. Law Rep. 305, the contract to complete the building was let to Pickett for $15,196.50. Pickett was paid each month 80 per cent. of the estimate of the architect of the value of the work done in that month. He abandoned the contract before completing it, after having been paid $12,632.20. The owner finished the house at the cost of $1,688.34, leaving in his hands $874.41 of the contract price. Materialmen who had furnished material to Pickett for the erection of the building had outstanding claims amounting to $2,992.24. Browinski's claim was $856.53, for paints, etc., used on the building. The owner offered to prorate the balance of $874.41 in his hands among all the unpaid materialmen, whose claims aggregated $2,992.24, as was stated. This court held that the whole of Browinski's claim was a lien on the house. It does not appear what part, if any, of the $12,632.20 paid Pickett was applied in the discharge of liens of equal dignity with Browinski's. In the absence of such showing, the conclusion was consistent with the views herein expressed, as it must have been assumed that some,

probably the greater, part of the sum paid Pickett,
was for his own labor or material. Stewart v. Gard-
ner, 70 S. W. 1042, 24 Ky. Law Rep. 1216, involved
only the constitutionality of the statute, and rested
on Hightower v. Bailey. In Nelson Mfg. Co. v.
Mann, 71 S. W. 851, 24 Ky. Law Rep. 1547, the own-
ers, Mann Bros., contracted with Jenkins & Son to
put into the former's building a heating plant at the
contract price of $1,800, $800 of which was paid in
cash. Jenkins bought the apparatus from Nelson
Manufacturing Company for $1,286.44, and it was
installed. On the issue applicable to this case, the
court held that Nelson Manufacturing Company must
be paid in full as materialmen who furnish the heater
to the contractor for the building, although the owner
had paid the original contractor more than was due
him. Thus again the principle was applied that
the owner must know who furnished the material,
and must pay for it before the contractor was paid
anything. In Canady v Webb, 80 S. W. 172, 25 Ky.
Law Rep. 2107, Canady furnished material to Murry
& H., contractors for Webb, to build him a house for
$2,974. Murry paid Canady all of his bill but $106.
They bought other material from other parties. The
owner paid the contractor in all $3,332. The con-
tractor had disbursed this sum among those from
whom he had bought the material, paying to Canady
as great a proportion as he was entitled to on prorat-
ing all the claims. Canady was denied a lien for any
greater sum. It was there held expressly that those
who labored or furnished material for the contractor
had liens of equal dignity, although not perfected by
filing them in the county clerk's office, as they were
paid before the time expired in which they might
have been filed, and that when the owner paid them,

or paid the contractor and he paid them, it was a compliance with the statute as to prorating the contract price among the lienholders when it was not enough to pay all in full. In no case has it been held that the owner must pay all materialmen who furnished the contractor, although to do so would exceed the limitation in the statute. In this case it was shown that Barnes & Co. disbursed the whole of the $2,750 paid to them by Sweeney to other materialmen and to laborers who worked upon the building. The circuit court found that the contract price $4,500 would have paid about 72 per cent. of the sum of labor done and material furnished, excluding Barnes & Co. Therefore appellant was adjudged $803 on its claim of $1,117.46.

Appellant complains that it was not allowed interest on its account from the time it was due, as by the contract between it and Barnes & Co. it was to be paid interest. Whether appellant should be allowed interest against Barnes & Co. is not the question. That case is not here. But it is whether Sweeney should pay interest to appellant. The statute gives a lien on the owner's property for "the amount" of labor or material furnished by the contractor, subcontractor, or laborer. Ordinarily the contract price between the contractor and subcontractor, or the laborer, would be taken as the measure of the value of his material or labor. If the contractor agreed to pay interest after a fixed date, that might also be considered. But there is no express provision for interest. If it attaches, it is as an incident of the contract, and upon the same principle that it attaches upon other demands. The owner should have paid the materialman when the owner was obliged to pay the original contractor. At least

the subcontractor or materialman could not require the contract price to be paid at a different time from that specified in the original contract. Hence the owner was required in this instance to pay appellant the sum due to him upon its being ascertainable, which could not have been before the work was completed and the sum of the owner's liability to all other materialmen and laborers was ascertained, or could reasonably have been known. The amount due appellant from Sweeney was an unliquidated demand, about which there was a bona fide dispute, and a well-founded one so far as Sweeney was concerned. It was not ascertained what it was until the judgment. The allowance of interest on an unliquidated demand is discretionary with the chancellor in a case where he has jurisdiction to decide, as it is with the jury in common-law actions. Mr. Sweeney died shortly after the suit was brought. There was no other way for his estate to learn the true amount due save by the judgment of the court. There was not a captious defense for delay merely, but one in good faith. Under all the circumstances, we cannot say that the chancellor abused a sound discretion in refusing to award interest on the demand. Kaye v. Bank, 9 Dana, 262; Adams Exp. Co. v. Milton, 11 Bush, 50; Varney v. Connolly, 116 S. W. 340. The offer to confess judgment which was declined was more advantageous to the plaintiff than the judgment it finally recovered. Concerning such offer, section 640, Civ. Code Prac., provides: "If the plaintiff * * * on the trial do not recover more than was offered to be confessed such plaintiff shall pay all the costs of the defendant incurred after the offer." Hence the court refused to allow appellant its costs after the offer in this case, which was proper.

Appellees have prayed a cross-appeal. They assign two grounds for reversal.

1. There was not a written contract concerning the extra work done on the houses. Barnes, one of the contractors, testified for the plaintiff against the estate of decedent Sweeney as to the extra work and its value. This is assigned by appellee as error, as in contravention of section 606, Civ. Code Prac., which forbids one's testifying in his own behalf as to any transaction with one who is dead when the evidence is given. But an exception to that provision is that, if the transaction concerning which the testimony is offered affects one who is living and who was present at it, the testimony is competent as against such person. Appellee Forest Lee Sweeney was present at the transaction testified to by Barnes. She is living, and is affected by the testimony, as she is one of the devisees under A. G. Sweeney's will, and as such took the title to part of these lots. The extent to which the interest of the infant defendants are affected is too small to justify a reversal as to them.

2. It is asserted by appellee that the petition in this case does not charge that the material was sold to Barnes & Co. by appellant for the purpose of being used in the construction of the buildings. But we think it does sufficiently. The evidence clearly shows that it was so held and used. Even if the petition were not sufficient, the evidence and judgment cure the defect.

Judgment affirmed on the original and cross-appeal.