JUDGE COFER
delivered the opinion op the court.
The evidence shows, without contradiction, that the appellee contracted for interest on the sum loaned at the rate of twelve and a half per cent per annum, and under section 5 of the conventional interest law of 1871 (1 Sess. Acts, 1871, p. 62) the whole interest contracted for was thereby forfeited, and he had no right to any interest during the period for which the loan was made, nor for the time during which he forbore on an agreement to receive that rate of interest. But the last contract for forbearance terminated January 1, 1875, and as the contract did not fix the rate of interest to be paid after the debt matured, the law fixes the rate at six per cent. (Rilling v. Thompson, 12 Bush, 310.)
Deducting the two sums of $25, paid prior to January 1, 1875, and disallowing interest up to that time, there was then due to the appellee $150, and he was entitled to judgment for *122 that sum, with interest at six per cent from that time, and no more.
The appellant offered to confess judgment for more than was due, and the appellee having declined to accept it in satisfaction of his cause of action, is not entitled to his costs expended after that time. The right to the costs previously accrued could only have been defeated by a tender, before suit brought, of the amount due.
Judgment reversed, and cause remanded for judgment in conformity with this opinion.