CASE 104—ORDINARY—DECEMBER 16, 1882.

## Campbell v. Cincinnati Southern Railway.

### ON MOTION TO DISMISS APPEAL.

APPEAL FROM KENTON CHANCERY COURT.

1. The collection of a judgment upon that part of appellant's demand which was uncontroverted in the circuit court, does not prevent him from his appeal to this court from a judgment dismissing the suit as to that part which is controverted.

2. No part of the judgment appealed from is satisfied or extinguished by the payment of the judgment for the sum confessed.

3. The motion to dismiss is denied.

J. G. CARLISLE FOR APPELLANT.

No brief.

W. LINDSAY FOR APPELLEE.

No brief.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant, Hugh Campbell, sued the appellees, the trustees of the Cincinnati Southern Railway, for the sum of $231,451.78. The appellees answered, controverting the whole of appellant's claim except $28,726, which they admitted was due him whenever he should demand it at their office with a certificate of the engineer of their railway that the work had been completed to his satisfaction.

The record shows that the demand for the admitted sum had been made, and the work properly done to entitle him to that amount, for which a judgment was rendered in his favor.

.The remainder of his claim, which was controverted by the appellees, was dismissed, and from that judgment he prosecutes this appeal.

After he took the appeal, an execution issued in his favor for the admitted sum of $28,726, which was, without levy, paid by the appellees to his attorney, and the execution returned satisfied.

The appellees, before the hearing, move, on proper pleadings, to dismiss the appellant's appeal,. because of the collection of the sum so adjudged to him, on the ground that it destroys his right further to prosecute the appeal.

The motion must be denied, because no part of the judgment appealed from is satisfied or extinguished by the payment of the judgment for the sum confessed to be owing to the appellant.

The appellees paid the judgment for the sum admitted, and in no event, therefore, can that amount be reduced or again litigated in this action, according to the record now before us, even if a reversal were adjudged on the final hearing of this cause.

The authorities in support of this rule are cited in the case of Paine v. Woolley, &c., MS. opinion, December, 1882.

Motion denied.