Rogers v. Farmers' Mutual Aid Association.

CASE 42—ACTION ON INSURANCE POLICY—APRIL 14.

## Rogers v. Farmers Mutual Aid Association.

APPEAL FROM MASON CIRCUIT COURT.

INSURANCE—WAIVER OF FORFEITURE.—A mutual insurance company, by making assessments upon a member of the company after notice to its solicitor that additional insurance had been taken out on the insured property, waived the forfeiture prescribed by its policy as a penalty for additional insurance.

E. L. WORTHINGTON FOR APPELLANT.

1. A violation of a condition in the policy that notice of additional insurance must be made to the secretary in writing did not render the policy void or voidable.

2. Appellee waived its right to avoid the policy, if it had any, by continuing to treat it as in force after it received notice of the additional insurance.

Citations: 11 Am. & Eng. Ency. of Law, 288; Fireman's Ins. Co. v. Cecil, 12 Ky. Law Rep., 259; Rhode Island Underwriters' Association v. Monarch, 98 Ky., 305; Von Bories v. United Life Ins. Co., 8 Bush, 136; Hayward v. National Ins. Co., 14 Am. Rep., 400; Morrison v. Ins. Co., 5 Am. St. Rep., 63; 4 Thomp-

Rogers v. Farmers' Mutual Aid Association.

son on Corporations, secs. 5190, 5238; Hamilton v. Home Ins. Co., 94 Mo., 353.

A. M. J. COCHRAN for appellee.

Counsel discussed *seriatim* the errors urged by counsel for the appellant, and in support of his argument made the following citations: Fireman's Ins. Co. v. Cecil, 12 Ky. Law Rep., 259; May on Insurance, vol. 1, sec. 156; Rhode Island U. Assn. v. Monarch, 98 Ky., 305; Mechem on Agency, secs. 718, 725, 729; Haywood v. National Ins. Co., 14 Am. Rep., 400; Morrison v. Ins. Co., 5 Am. St. Rep., 63; Brewer v. Chelsea, &c., 14 Gray, 203; Hawkins v. Rockford Ins. Co., 70 U. S., 1; Evans v. Trimountain, &c., Co., 9 Allen, 329.

JUDGE BURNAM delivered the opinion of the court.

The appellee, the Farmers' Mutual Aid Association of Mason county, issued to appellant a policy of fire insurance on his dwelling house, for $250, about the 18th day of October, 1893; the value of the dwelling being fixed by the soliciting agent of the insurance company at $375; the policy being for two-thirds of the amount of such valuation. The first restriction in the policy provides that no house or other property will be insured for more than two-thirds of its cash value; the second restriction provides that "members of this company" may seek protection in other companies, provided their insurance does not exceed, in the aggregate, two-thirds of the value of the building thus insured and by-law No. 17, which was also attached to, and made a part of, the policy, provides that any party desiring insurance on contents or property must make it known to the secretary, in writing, before insuring in other companies.

On October 9, 1895, the house covered by the policy was destroyed by fire; and, upon the refusal of appellee to pay the insurance covered by the policy, this suit was instituted. Appellee sought to avoid liability on the ground

that, while the policy was in full force, the appellant, in violation of the by-laws and restrictions contained therein, took out additional insurance on his property in The Phoenix Insurance Company to the amount of $200, which additional insurance was in force at the time of the loss; it being contended that this violation of one of the restrictions of the policy forfeited all rights to indemnity growing out thereof.

Appellant, in his reply, pleads first that the violation of the restrictions as to the amount of insurance did not render the policy void, because the policy itself did not so provide. And he also pleads that at the time the policy was in full force, and when there was no other insurance on the property, he applied to The Mason County Building and Saving Association to borrow from it $200, proposing to execute a mortgage to secure this loan on his property, but that the association refused to make any loan thereon unless plaintiff would take out a policy of insurance in some regular insurance company, which was to be left with them as an additional collateral to protect them on such loan, and that thereupon, and to enable him to borrow the money on the property, he took out a policy of insurance in The Phoenix Insurance Company for $200, and that within one week thereafter he notified William Rowe, the solicitor of the company who delivered the policy sued on to him, and who was the agent of the defendant at the time the additional policy was taken out, that he had taken out the additional policy, and stated to him the reasons which induced him to do so, and requested Rowe to let him know at once whether defendant would claim that this additional insurance avoided the policy, and that Rowe assured him this policy in defendant company would remain binding, and that on several different occasions

thereafter the defendant company assessed him on account of other houses insured in said company that had been burned·down, and collected from him his proportion of the losses resulting therefrom; that the only officers of the defendant company were a President, Secretary, and four Solicitors; that, at the time of the issuing of the policy, William Rowe was, and had continued to be, one of these solicitors, and that he was authorized to solicit insurance, make contracts therefor, and sign and deliver policies; that Rowe so acted during all the time between the issual of the policy to him for the district in which his house was located; and that the defendant had notice of the additional policy of insurance, and of the circumstances under which it was taken out.

A demurrer was sustained to both paragraphs of the reply, and, appellant declining to plead further, his petition was dismissed and from that judgment this appeal is taken.

The questions to be determined are: First, whether the breach of the restriction as to the amount of insurance which plaintiff was permitted to carry upon his property operated as a forfeiture of the policy, in the absence of an express statement to that effect in the policy itself; and, next, whether the defendant company, in continuing to assess and collect the premiums on appellant to pay other losses accruing subsequently, after notice to Rowe, has not waived its right to complain thereof.

The defendant was a mutual insurance company, of very limited operation. By its charter, it is confined to taking insurance in Mason county, and to property within one mile of the county lines of Mason county. The terms under which it proposed to do business, as recited in the conditions annexed to the policy, are unique, and emphasize its very limited operations.

The conditions annexed to the policy recite:  First, that the company will insure farm property, houses, and barns, or isolated property in towns and villages; second, that the company has no limit as to the duration of membership; third, that it has no cash basis, and hence no cashier; fourth, it has a basis that consists of self preservation; fifth, it promises no dividends; sixth, makes no assessments, except to meet losses; seventh, when a loss occurs, the assessment will be made *pro rata*.

The active officers of the company were its solicitors.  They sought the insurance, valued the property insured by the company, issued the policies, and were the agents of the company who came in contact with its policy holders.  The limited area in which they operated, and the limited business of the company, necessarily familiarized them very thoroughly with its risks, policy holders, and business.  The policy does not, in express terms, provide for a forfeiture for taking out additional insurance; "and they are not favored in the law, and courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to do so, on which the party has relied and acted.  Any agreement, declaration, or course of action on the part of an insurance company which leads the party insured honestly to believe that, by conforming thereto, a forfeiture of his policy will not be incurred, followed by due conformity on his part, will, and ought to, estop the company from insisting on a forfeiture, though it might be claimed under the express letter of the contract."  The N. Y. Life Insurance Co. v. Eggleston, 96 U. S., 572.  And we think this is the general doctrine of the courts of the country.

The appellee was not prejudiced by the taking out of the

additional insurance. In fact, its liability was diminished thereby, as it is entitled to have the amount of insurance held by it on the policy diminished by such sum as appel· lant has realized, or may be able to realize, from the policy taken out in The Phoenix Insurance Company. In other words, it is only liable for its *pro rata* with The Phoenix Insurance Company, upon a liability not exceeding $250, or the amount of its policy; and we are of the opinion that appellee is bound by the notice given to its special solic- iting agent for the district in which appellant's property was situated.

It was said in this court, in the case of The Phoenix In- surance Co. v. Spiers & Thomas, 87 Ky., 297, [8 S. W., 453], that: "The tendency of recent decisions, and, we think properly, is to hold the insurer bound by the acts and con- duct of the local agent, whenever it can be done consistent- ly with the rules of law. . . . As to third parties, the agent should, in the absence of notice to the contrary, be regarded as possessing all the powers his occupation fairly imports to the public.

"Under this rule, an agent who solicits the insurance, takes the application, receives the premium, and delivers the policy, may, in our opinion, by his conduct or acts, bind his company by way of waiver of a forfeiture on account of additional insurance, in the absence of the knowledge upon the part of the assured that his powers in this respect have been restricted. This being so, it follows that the knowl- edge of the agent under such circumstances is to be im- puted to the company." And this doctrine has been fol- lowed in other cases by this court.

The case of Hayward v. The National Insurance Co., 14 Am. Rep., 400, was a case of additional insurance. The policy in suit contained a provision that if the insured

should have, or thereafter make, any other insurance on the property, without the consent of the company indorsed thereon, no recovery could be had on the policy in the event of loss. At the time the policy was issued, there was additional insurance, and subsequently to its issue the additional insurance was renewed in another company. This additional insurance was relied on as avoiding the policy. The opinion of the court, in passing upon this question, said: "It is contended by the defendant in this case that no notice to the agent of the company could operate as notice to the defendant, unless the agent received the notice at a time in which said agent was engaged in the execution or performance of the business to which the notice related, or unless it is shown that the agent communicated the notice to his principal." In response to this contention, the court said: "I think that it is not the proper construction to give to these cases. The meaning must be that the notice must be given to the agent while his agency exists, and it must refer to business which comes within the scope of his authority. When this is the case, I think the notice to the agent is notice to the principal. In fact, there is no other way to notify a corporation than to notify its agent. A corporation only acts through and by agents, and the proper and only way to give notice to a corporation is to notify an agent; and generally it is sufficient to notify an agent, whose proper business is to attend to the matter in reference to which the notice is given."

And we are of the opinion, under the circumstances of this case, that notice to Rowe, and knowledge on his part of the additional insurance, was a notice to the company itself. But the averment in this case goes further, in the amended reply, and avers that the defendant itself had notice of the additional policy of insurance taken out by

plaintiff on his house, and of the circumstances under which it was taken out. This was certainly sufficient to support a cause of action.

For the reasons indicated, the judgment appealed from must be reversed, and the case is remanded for proceedings consistent with this opinion.