CASE 102—ACTION ON INSURANCE POLICY—JUNE 13.

106    815
128    361

'106    815
'137    265

# London & Lancashire Insurance Co., v. Gerteisen.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. INSURANCE— SOLICITING AGENT.—One who solicits insurance by an agreement between himself and an agent of the company will be treated as an agent of the company, and his knowledge of the facts pertaining to the insurance will be deemed the knowledge of the company.

2. SAME—WAIVER—An insurance company which issues a policy with knowledge that conditions inserted in the policy for its benefit are not to be complied with, will be held to have waived same.

3. SAME—AGREEMENT TO FURNISH WATCHMAN.—An agreement to keep a watchman on duty at all hours of the night is not an absolute warranty; and the court properly limited its instruction to find for the defendant on account of a failure to do so by inserting the condition that "by reason of such failure the loss occurred."

CHAPEZE WATHEN FOR APPELLANT.    (CHAS. B. RUDD OF COUNSEL.)

1. The policy was void because the subject of insurance was a building on ground not owned by the insured in fee simple. Home Ins. Co. v. Allen, 93 Ky., 271; Hartford Ins. Co. v. Haas, 87 Ky., 531.

2. George Hawes was not the agent of the appellant and his knowledge was not the knowledge of the company. Phoenix Ins. Co. v. Spiers & Thomas, 87 Ky., 285; Mechem on Agency, sec. 197.

3. The policy was void because, at the time of the fire, the distillery had ceased operations for more than ten consecutive days. Robinson v. Aetna Ins. Co., 18 Ky. Law Rep., 865; McKenzie v. Scottish Union & Natl. Ins. Co., 44 Pac. Rep., 922.

4. The provision of the policy as to the night watchman was a warranty and should be strictly performed. In this instance the contract was not kept. May on Insurance, secs. 156-157; Wood v. Insurance Co., 13 Conn., 533; Marshall on Insurance, p. 249; McKenzie v. Scottish Union and Natl. Ins. Co., 44 Pac. Rep., 922; Ky. Stats., sec. 639; Genl. Stats., p. 308.

5. The court erred in instructing the jury.

London & Lancashire Insurance Co. v. Gerteisen.

HILL & HILL FOR THE APPELLEE.

1. Knowledge of the agent is knowledge of the company, and that
   provision of the policy releasing the company from liability, if
   the subject of insurance is on leased premises is waived. 10
   Ky. Law Rep., 573; 11 Ky. Law Rep., 288; 87 Ky., 285 and 538;
   May on Insurance, sec. 143, p. 161; Genl. Stats., sec. 633. 16
   Ky. Law Rep., 122; 83 Ky., 574.

2. If the risk is not increased by the act of the assured the com-
   pany can not escape liability. German Ins. Co. v. Hart, 16 Ky.
   Law Rep., 344; 89 Ky., 330; 11 Ky. Law Rep., 539; 7 Ky. Law
   Rep., 45.

3. The distillery was not in operation at the time of the issual of
   the policy, and this fact was known to the agent, and hence the
   company waived any provision in the policy requiring the dis-
   tillery to be in operation to create liability. 8 Ky. Law Rep.,
   876; 91 Ky., 208; 15 Ky. Law Rep., 208; 12 Ky. Law Rep., 191;
   11 Ky. Law Rep., 721; 90 Ky., 236; 12 Ky. Law Rep., 115.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellant issued to appellee on July 9, 1896, a policy
by which it insured appellee's distillery to the amount
of $700 for twelve months from that time. On the 17th
of November following, the property insured was destroy-
ed by fire, and, appellant refusing to pay the policy, ap-
pellee instituted this action on May 8, 1897. Appellant
defended the action on the ground that appellee had leas-
ed the ground on which the distillery stood, and that
it was not in operation at the time of the fire; the policy
providing that it should be void in case the insured was
not the absolute owner of the property, and that it should
not be in effect if the distillery was not in operation for
ten consecutive days. The policy also provided that ap-
pellee should keep a night watchman on duty during all
hours of the night, and it was alleged that he had failed
to do this. It appeared from the proof that George Hawes
solicited the insurance, and got appellee to take it out.
Hawes got a description of the property, and sent the
application for the insurance, with three other applica-

tions he took that day, to J. C. Rudd & Son, for whom he was soliciting insurance. Rudd & Son were agents for appellant, and made out the policy, and Hawes notified appellee, and he went and got it, and paid the premium. The arrangement between Hawes and Rudd was that Hawes was to make out applications to secure insurance, and receive one-half of the commission for his services. Rudd did not tell him what company he would place these risks in, but said he would place them in a first-class company. At the time the application was made, Hawes was informed of the condition of the title. The property was not then in operation, and he was told that it would not be operated until in the fall. Rudd was not made acquainted with these facts, appellee having no transaction with him, the business being done with Hawes.

It is well settled that if a policy of insurance is issued containing provisions that the policy shall be void if the title is not absolute in the assured, or if the property should cease to be occupied or operated, the company will not be allowed to rely on these conditions if, at the time it issued the policy, the facts were known to it. For in this event the policy would have no operation; and the company taking the money of the assured has been properly held estopped to say that the policy had no operation at all. (Kenton Insurance Co. v. Downs, 90 Ky., 236, [13 S. W., 882].)

It is also well settled that knowledge of the agent who represents the company in the transaction is the knowledge of the company. It is insisted, however, that Rudd alone was appellant's agent, that Hawes had no authority from it, and that it is not chargeable with facts known to Hawes, unless communicated to Rudd. This is the decisive question in the case.

[52]

According to the testimony, Hawes was, in effect, the partner of Rudd in effecting this insurance. The rule that a delegated authority can not be delegated has some limitations. It is usual for insurance agents who issue policies to send out solicitors to take applications on which the policies may be issued, and authority to do so may be inferred, nothing appearing to the contrary, for this is the common way the business is done. When Hawes came to appellee professing to be an insurance agent, and took his application, and obtained for him the policy of insurance, he had a right, without notice of a defect in his powers, to regard him the agent of the company for this purpose; and appellant, by accepting the application, issuing the policy, and keeping the premium, is estopped to say his act was unwarranted, and must take the benefit with the burden.

In Phoenix Insurance Co. v. Spiers, 87 Ky., 297, [8 S. W., 453], this court laid down the rule that the party soliciting the insurance and taking the application, in the absence of notice to the contrary, should be held the agent of the company. This rule was recently approved by this court in the case of Rogers v. Farmers' Mutual Aid Association, 20 Ky. Law Rep., 1925 [50 S. W., 543]. These cases are in accord with the weight of authority, and are conclusive here. See May on Insurance, section 143, and cases cited.

The only remaining question in the case is the defense that the appellee did not keep a watchman at all hours of the night. The proof shows that there was a watchman, who had gone around and seen that everything was all right less than an hour before the fire, and at the time of the fire was sitting down, reading a newspaper.

The court instructed the jury that it was the plaintiff's duty to keep a watchman on duty at all hours of the night, and that, if they believed from the evidence that he failed to keep a watchman on duty at all hours of the night, and by reason of such failure the loss occurred, they should find for the defendant.

It is insisted that the jury should have been told that the plaintiff could not recover if he failed to keep a watchman on duty at all hours of the night, although the loss would have occurred just as it did notwithstanding this. The contention is that this stipulation in the policy was an absolute warranty, that there can be no recovery if it is broken, and that it was broken unless the watchman was kept constantly watching at all hours of the night.

In Wood on Insurance, section 186, the rule is thus stated:

"When a policy requires a watchman to be kept on the premises, the insured is not required to keep one there constantly; but only at such times and during such periods as men of ordinary care and skill in such business employ one, and in this respect the usage of similar establishments is admissible."

The proof fully warranted the jury in concluding that appellee had used ordinary care in keeping a watchman on duty at night, and, though the phraseology of the court's instruction is not exactly the same as that in which the rule is usually stated in the text-books, under the facts of the case we do not see that there was any substantial error to the prejudice of appellant.

Judgment affirmed.