CASE 38—ACTION BY J. T. DAY AGAINST THE EXCHANGE BANK OF KENTUCKY FOR FRAUD IN THE SALE TO HIM OF BANK STOCK.— JAN. 19.

# Day v. Exchange Bank of Kentucky.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    REVERSED.

PRINCIPAL AND AGENT—IMPUTED KNOWLEDGE—STATUTE OF LIMITATIONS.

Held: 1. While knowledge acquired by an agent, in purchasing bank stock from a bank, of the institution's impaired condition, will be imputed to his principal, so as to start limitations against an action for false representations inducing the purchase, similar knowledge acquired some years later, where the same person became agent to effect the stock's sale to third persons, will not be so imputed, the transactions being separate and distinct.

BECKNER & JOUETT AND A. T. WOOD, ATTORNEYS FOR APPELLANT.

The appellee's only defense is, that appellant's demand is barred by the statute of limitation, because his agent who purchased and sold the stock is *presumed* to have acquired knowl-

edge of the bank's rotten condition more than five years before this suit was brought by reason of having been president of the bank and his presumed knowledge is *imputed* to appellant as the principal.

Appellant's stock was bought for him by J. G. Trimble in January 1883, and January 1884, Trimble bought sixty shares for himself, July 1, 1884. He became president of the bank in May 1884. We contend that the court erred in its instructions to the jury: "that if the plaintiff or his agent who bought the stock for him knew of the impaired condition of the bank more than five years before the suit was brought, they should find for the defendant."

We submit that there is nothing in the pleading or proof to justify an instruction that would allow the jury to consider whether or not the agent knew at the time of buying the stock the condition of the bank, and therefore the instruction was misleading.

We also contend that the fourth instruction is erroneous which says, "the law imputes to appellant all notice or knowledge which his agent, J. G. Trimble had acquired or obtained relating to the subject matter of the agency while acting as such agent, and within the scope of his authority, or which he may previously have acquired and which he then had in mind or which he had acquired so recently as to reasonably warrant the assumption that he still retained it."

We submit that the jury should have been instructed as asked by appellant as follows: "If the jury believe from the evidence that the agent of plaintiff had knowledge of said fraud, this can not affect the plaintiff or be imputed to him unless the jury shall further believe that said agent possessed such knowledge whilst he was acting as such agent nor will it then affect the plaintiff or be imputed to him in case the jury shall believe from the evidence that said agent was interested in withholding from plaintiff such knowledge." Pomeroy's Equity, sec 670, 1 A. & E. (2d ed.), p. 1150.

There is no proof in the record that plaintiff or his agent, Trimble, knew anything about the condition of the bank until February, 1888.

The law requires that in order to bind the principal, the knowledge of the agent should have been obtained while he was actually engaged in doing the principal's business and in his character as agent. Pomeroy's Equity Jurisprudence, sec. 640; Wittenbrock v. Parker, 41 Am. St. Rep., 172; Conger v. Chicago & N. W. R. R. Co., 24 Wis., 157, 1 Am. St. Rep., 164; Constant v. University of Worcester, 7 Am. St. Rep.,

Day v. Exchange Bank of Kentucky.

·769; Trenton v. Pother, 24 Am. St. Rep., 225, and authorities cited.

HENRY R. PREWITT, FOR APPELLEE.

### POINTS AND AUTHORITIES CITED.

1. A deposition not copied into the bill of exceptions, although referred to therein and found elsewhere in the record is not a part of the bill of exceptions. Therefore it can not be considered in determining whether the verdict sustains the evidence. New York Life Ins. Co. v. Brown's Admr., 66 S. W., —.

2. The knowledge of the agent is the knowledge of his principal. German Ins. Co. v. Hart, 16 Rep., 346; Halsey v. Hobbs, 17 Rep., 742 (by Lewis, J.); Phoenix Ins. Co. v. Spiers, etc., 87 Ky., 298 (by Holt, J.) Bramlett v. Henderson, 19 Rep., 693, (by Burnam, J.); Fowler v. Halbert, 4 Bibb, 52; Bank of America v. McNeil, 10 Bush, 59 (by Lindsay, J.).

3. That the knowledge of the agent is the knowledge of the principal although the agent's knowledge was acquired in another transaction than that of the principal's and prior thereto, provided such knowledge was in the mind of the agent at the time of the transaction under investigation, is held to be the law in the following cases. Harrington v. U. S., 11 Wall., 536, and other cases cited in notes, pp. 1150-1151, 1 Am. & Eng. Ency. Law, 2d ed.

4. It is likewise true that such knowledge of the agent is imputed to the principal although the knowledge may not have been acquired in the course of the principal's business, if it had been acquired by the agent so recently before engaging in the business for the principal as to be presumably in the agent's mind at the time of the transaction in question. Kennedy v. Green, 3 Myl & K., 699; Chouteau v. Allen, 70 Mo., 290; Bierce v. Red Bluff Hotel Co., 31 Cal., 165; Haywood v. National Ins. Co., 52 Mo., 192, 14 Am. Rep., 400; Pritchett v. Sessions, 10 Rich. (S. Car.), 293; Congar v. Chicago, &c. R. R. Co., 24 Wis., 158, 1 Am. Rep., 164; Holden v. New York, &c., Bank, 72 N. Y., 292.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the 2d day of January, 1883, the appellant, J. T. Day, who lived in Campton, Ky., purchased from the exchange Bank of Kentucky, a banking corporation doing business in Mt. Sterling, Ky., through his agent, J. G. Trimble, twenty-

five shares of its capital stock, at the price of $2,750; and on the 2nd of January, 1884, he purchased from the bank, through the same agency, forty shares of its stock, at the price of $4,800.    J. G. Trimble who represented him in these transactions, lived in Mt. Sterling, and was a director of the bank, and the father-in-law of appellant.    Appellant held this stock, and drew the dividends, which were regularly declared thereon semiannually, until 1887.    During the year 1887 he sold out his entire holding in the bank to different parties, his father-in-law, Trimble, who was at that time president of the bank, acting as his agent.

Twenty-five shares were sold by J. G. Trimble to E. S. Cunningham, and twenty shares to Mrs. E. C. Ward.    Subsequently these vendees instituted suit against both Trimble and Day, alleging that they were induced to make these purchases by false statements made to them by Trimble as to the condition of the bank of the purchase, and by false statements published by the bank as to its condition when Trimble was a director, and recovered thereon.    In these suits appellant was compelled to refund to Cunningham and to Mrs. Ward the difference between the value of the stock of the bank as represented, and as subsequent developments established its true value to be.    On the 20th of December, 1892, J. T. Day brought this suit against the bank, alleging that he had been induced to purchase the stock from them by the publication of false reports as to the financial condition, and also by false and fraudulent statements of W. W. Thompson, cashier of the bank, who represented it as its agent in making the sales of the stock to him.    The only defense relied on by the bank in its answer is a plea of the lapse of time and the statute of limitation.    In support of this plea it alleges that J. G. Trimble was the agent

Day v. Exchange Bank of Kentucky.

of the appellant, J. T. Day, both in the purchase and sale of the stock, and continued to act as his agent between these respective dates; and that Trimble knew of and was familiar with the true condition of the bank, both at the date of the purchase and sale; and that his knowledge should be imputed to his principal, the plaintiff.    They also allege that Trimble as the agent of the defendant, actually communicated to plaintiff information as to the true condition of the bank more than five years before the institution of this suit, and that the cause of action was barred under section 2519 of the Kentucky Statutes of 1903, which provides that: "In action for relief for fraud or mistake or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake.    But no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud."    Both of these allegations were controverted by reply, and a trial before a jury resulted in a verdict and judgment for the defendant bank.

Upon the trial the court instructed the jury as follows: "(3) The court instructs the jury that if either plaintiff, J. T. Day, or his agent in the transaction of buying and selling the stock in question, to wit. J. G. Trimble actually knew of the discrepancies complained of as impairing the value of the bank stock, and had such knowledge more than five years before the bringing of this suit, the law is for the defendant, and the jury will so find; provided such agent's knowledge was acquired by him while engaged in the transactions affecting said stock, or had previously been acquired by him, and was in mind at that time.    (4) The court instructs the jury that the law imputes to the principal, J. T. Day, and charges him with, all notice or knowledge relating to the subject matter of the agency which the

agent, J. G. Trimble, acquired or attained while acting as such agent and within the scope of his authority, or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it. (5) The court instructs the jury that if they believe from the evidence that the plaintiff, J. T. Day, did not know, and that his agent at the time of and in the course of his agency did not know, of the discrepancies in the condition of the Exchange Bank of Kentucky, for more than five years before the bringing of this suit, then they will find for the plaintiff. (6) The court instructs the jury that before they can find for the plaintiff they must believe and find from the evidence that plaintiff did not know, for more than five years before the bringing of this suit, and that his agent, Trimble, at the time and in the course of his agency in the buying and selling of plaintiff's said stock, did not know, of the discrepancies in the condition of the Exchange Bank of Kentucky. (7) Reasonable diligence is such diligence as ordinary and prudent persons exercise in the management of their own affairs." These instructions charge the plaintiff with any knowledge when J. G. Trimble may have had as to the true condition of the bank at any time between his original purchase for the plaintiff in January, 1883, until the final sale of the last twenty shares of plaintiff's stock by him to Mrs. Ward in July, 1887, and are in this respect, in our opinion, erroneous and prejudicial to the rights of the plaintiff. It may be stated as a general proposition that notice to an agent, while acting for his principal, of facts affecting the transaction in which he is at the time engaged, is constructive notice to the principal, as it is his duty to communicate such fact to his principal, and the law presumes that he has done so. Bramblett v. Henderson (19

R., 692) 41 S. W., 575.     "But notice must be given to or the information acquired by the agent in the course of the same transaction which is sought to be affected by the constructive notice; that is, the same transaction from which the principal's rights and liabilities arise which it is claimed depend upon or which are modified by the constructive notice imputed to him."     See 2 Pomeroy on Equity Jurisprudence, section 671.     The rule is stated by Mechem on Agency, 718, as follows:     "The notice which shall be imputed to the principal is that one which relates to the subject-matter of the agent's authority; or, in other words, is that one which relates to the business or transaction in reference to which the agent is authorized to act by and for the principal."

Perry on Trusts (volume 1, section 22) says:     "The general rule' is that notice to an agent is notice to his principal. But the notice, if to an agent, must be to an agent for the purpose of the purchase, and the notice must be to him while engaged in the transaction."     The appellant, Day, is chargeable with any knowledge possessed by Trimble of the condition of the bank at the time he bought the stock in 1883 and 1884, when he seeks to recover from the bank for alleged fraudulent misrepresentations made to him as to its condition; and he would also be chargeable with the knowledge of Trimble, when he sold the stock to Cunningham and Mrs. Ward, in a controversy with those vendees growing out of misrepresentations made to them by Trimble to induce the purchase of the stock.     But we know of no principle of law which would impute to Day the knowledge of Trimble at the date of these transactions, so as to put in operation the statute of limitations, in so far as the bank is concerned.     There was no connection between the two transactions, and there is no evidence in the record which conduces to show that Trimble represented Day as

an agent in so far as this stock was concerned, except in its purchase and sale.    If it can be shown that Day had actual knowledge of the true financial condition of the bank, after his purchase of the stock in controversy, for more than five years before the institution of this suit, the plea of limitation relied upon by the bank would effectually defeat recovery.

For reasons indicated, the court erred in instructions 3, 4, 5, and 6 in the particulars pointed out, and the judgment is therefore reversed, and cause remanded for a new trial consistent with this opinion.

Petition for re-hearing by appellee overruled.