# South v. Philadelphia Fire & Marine Insurance Company.

(Decided January 18, 1927.)

## Appeal from Harlan Circuit Court.

1. Appeal and Error—In Reviewing Directed Verdict, Evidence Unfavorable to Plaintiff May be Eliminated.—In reviewing propriety of directed verdict, evidence which does not aid plaintiff may be eliminated.

2. Insurance—Insurer May Waive Provision in Policy for Forfeiture, in Event of Taking Additional Insurance.—Provisions in insurance policy for forfeiture, in event additional insurance is taken out, may be waived by insurer.

3. Insurance—Insurer's Waiver of Forfeiture Provision for Taking Additional Insurance May be Inferred from Agent's Consent to Additional Insurance.—Waiver of forfeiture provision in policy, for taking out additional insurance, may be inferred if agent, at time of issuance of policy, consents that additional insurance be taken out.

4. Insurance—Waiver of Forfeiture Provision for Taking Additional Insurance May Arise, where Insured Takes Additional Insurance Relying on Agent's Assent.—Where agent informs insured that additional insurance may be taken, and insured, in ignorance of limitation on agent's authority and relying on apparent authority, takes out additional insurance, insurer's waiver of forfeiture for taking additional insurance may be inferred.

5. Insurance—Retention of Premium by Insurer, Knowing Insured has, with Agent's Consent, Taken Out Additional Insurance, is Election to Waive Forfeiture.—Waiver of forfeiture provision in policy for taking additional insurance arises where insured takes out additional insurance with agent's consent, and company, knowing such fact, retains premium; retention of premium being deemed election to waive forfeiture.

6. Insurance—Knowledge of Agent that Insured has Taken Out Additional Insurance is Knowledge of Company as Regards Waiver of Forfeiture.—Knowledge of agent that insured has taken out additional insurance brings notice to company causing waiver of provision for forfeiture for taking additional insurance, where premiums continue to be accepted and retained.

7. Insurance—"Election" to Continue Policy After Violation by Taking Additional Insurance Arises Only from Notice, or from Taking Additional Insurance on Representation of Agent.—To constitute "election" on part of insurer to continue policy in force after additional insurance has been taken contrary to policy, it must be shown that insurer had clear notice thereof or that agent consented thereto, and insured, in ignorance of any limitation on agent's authority, acted in reliance on agent's representation.

8.. Insurance—Indefinite Statements of Insured as to Additional Insurance on Car Held Insufficient to Give Notice that Insured had,
so as to Waive Forfeiture, Taken out Additional Insurance.—In
action on automobile fire insurance policy containing provision for
forfeiture in case of taking additional insurance, statements to
agent that insured needed more insurance or had taken more, to
which agent made no reply, held insufficient to give notice that
insured had in fact taken additional insurance or to show that insurer continued policy in force with knowledge of additional
insurance so as to constitute waiver of forfeiture.

G. G. RAWLINGS for appellant.

FRANK M. DRAKE and HALL, LEE & SNYDER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

Tobe South brought this action against the Philadelphia Fire & Marine Insurance Company, to recover
$600.00 on a fire policy for the destruction by fire of an
Oldsmobile auto.  At the close of all the evidence a directed verdict was returned in favor of the insurance
company and South appeals.

The policy sued on contains the following provision:
"Other Insurance.  No recovery shall be had under this
policy if at the time a loss occurs there be any other insurance covering such loss, which would attach if this insurance had not been effected."

Originally the policy was issued for $800.00, but the
company concluded that this was too much and reduced
the amount to $600.00, giving notice to South of its action
and returning to him one-fourth of the premium, all of
which he accepted without objection.

Later South took out $500.00 additional insurance
with another company and was carrying $1,100.00 insurance on the car at the time of its destruction.  These facts
were pleaded as a forfeiture, the plaintiff relying on a
waiver of the forfeiture clause.  The evidence of the
plaintiff shows that the machine cost about $1,100.00 when
purchased in May, 1923, and he had added some extras,
making his total outlay something over $1,200.00.  The
fire occurred in December, 1924; he did not qualify as to
his knowledge of value at that time, but it had not been
injured, and he thought it might be worth as much as a
new car.  Defendant's evidence shows its then value to
have been about $700.00.  In his evidence appellant ad-

mits that the agent told him that the company would carry only $600.00 on the property; that the policy was reduced to that figure and he was refunded the excess on the premium, but says that "I told him (the agent) it was not enough insurance," and in referring to a subsequent conversation says, "If I ain't badly mistaken I told him one day that I already got some more." Cross-examined as to these conversations he said: "I told him I ought to have some more, I want to take some more insurance," and at another place, "I told him I had some more." And says that the agent made no reply to these remarks.

Another witness for plaintiff testified that he heard Tobe South tell W. S. Phleger, agent for defendant, that he had reduced his insurance from $800.00 to $600.00, and the car was worth more and that he was going to get other insurance on the car.

All of this is denied by the agent, and as his evidence does not aid plaintiff it may be eliminated in considering the propriety of a directed verdict. It is well settled in this state that the provisions in an insurance policy for a forfeiture in the event additional insurance is taken out by the insured may be waived. Phoenix Ins. Co. v. Spires & Thomas, 87 Ky. 285; Connecticut Fire Ins. Co. v. Moore, 154 Ky. 18; Ky. Growers' Ins. Co. v. Logan, 149 Ky. 453; Hurst Home Ins. Co. v. Ledford, 207 Ky. 212.

Such waiver may be inferred if the agent at the time of the issual of the policy consents for additional insurance to be taken, or informs the insured that this may be done and the insured in ignorance of any limitation upon the agent's authority and relying upon his apparent authority does take out additional insurance; also if afterwards with the assent of such agent the insured takes out additional insurance and with knowledge of that fact the company retains the premium and fails to cancel the premium this will be deemed an election to waive the forfeiture. In this respect the knowledge of the agent brings notice to the company. However, in order to constitute such election upon the part of the company to continue the policy in force, it must appear that it had clear notice of the additional insurance; or that its agent at the time the policy was issued consented to such additional insurance, and that the insured acted on this, in ignorance of any limitation of the agent's authority in the matter.

Here the agent not only did not consent to additional insurance but informed the appellant that $600.00 was all that the machine could carry, which, aside from the provisions of the policy, negatived the idea of permitting additional insurance, the company's judgment in this being confirmed by the proof of the value of used cars of this type and character. The loose, indefinite statements which appellant claims to have made to the agent are insufficient to give it notice that he had in fact taken out additional insurance; or to show that with knowledge of the fact it continued the policy in force; and if he made the statements claimed the silence of the agent could not have misled him. We do not think the evidence sufficient to constitute a wavier.

Wherefore, perceiving no error, the judgment is affirmed.