## Martin v. Provident Life & Accident Insurance Company.

(Decided March 8, 1932.)

R. L. POPE and C. B. UPTON for appellant.

TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Bert Martin instituted an action against the Provident Life & Accident Insurance Company to recover $2,000 upon an accident insurance policy for the loss of his foot. The defendant admitted liability for $1,002.20, but sought to avoid further liability under a provision of the policy which reduced the indemnity if the insured obtained similar insurance in another company without giving written notice thereof to the defendant. The insurance in that event was limited to such portion of the indemnity promised as it bore to the total amount of insurance carried, and for a return of such part of the premium paid as exceeded the proper amount due for the reduced indemnity. It was alleged in the answer that Martin had procured another accident policy for like amount without giving written notice to the defendant

company which operated to reduce the insurance under the present policy to $1,000. The sum of $2.20 was the excess of premium collected and which was to be returned. The company by its answer admitted liability for $1,002.20. By the reply an estoppel was interposed, in substance, that Martin had informed the general agent of the defendant company of the additional insurance, who had agreed to notify the company, and, relying upon that agreement with the agent, Martin had not given the written notice required by the conditions contained in the policy. In avoidance of the matters of estoppel pleaded, the company set up certain standard terms of the policy by which the authority of the agent was restricted. One provision was that no agent had any authority to change the policy, or to waive any of its stipulations. The other pleadings filed require no special mention. The case was tried before a jury, and, at the conclusion of the plaintiff's evidence, a peremptory instruction was given to find a verdict for the defendant. The plaintiff has prosecuted an appeal from the judgment dismissing his action.

It is not disputed that a provision of the policy required notice in writing of any additional insurance, and, if not given, the amount of insurance was reduced proportionately to the total insurance carried. It is admitted that no written notice was given. But it is argued that the insurance company was estopped to invoke that defense. Assuming, without deciding, that the agent in question was authorized to represent the company in the matter of waiving the written notice, we proceed at once to a consideration of the evidence.

The testimony of the plaintiff did not sustain the broad allegations of his pleadings. He testified that before obtaining the additional insurance he discussed the matter with the local agent who advised him to notify the company in which he proposed to take additional insurance, and, if it accepted the application, to advise him and he would notify his company "if he thought it was necessary." The statement is repeated several times that the agent said he would notify his company if he thought it was necessary. Martin testified further that, if he had not been so advised by the agent, he would have dropped the additional policy. Martin did not state that he was prevented from giving the written notice required by the policy, but he left the matter entirely to the judg-

ment of the agent. Martin was aware of the provision in the policy which required him to give written notice if he took out additional insurance. He had read his policy and was familiar with its terms. He testified that he had read enough of his contract to know what it required respecting additional insurance and he deemed it sufficient simply to advise the agent. It does not appear that the agent advised the company, or that he made any promise in respect to the matter. He was the agent of the company for the purpose of taking applications for insurance, which were mailed to the home office in Chattanooga, Tenn. The policy sued upon was mailed to Martin. In view of the equivocal statements attributed to the agent, Martin was not justified in assuming that the provision of his policy respecting written notice of additional insurance had been waived. South v. Phila. F. & M. Ins. Co., 217 Ky. 612, 290 S. W. 493.

The point is made that the agent was informed of the additional insurance, and the company still continued to collect premiums on the face of the policy. The principle that knowledge of the agent is knowledge of the company is invoked, and such conduct of the company after the agent was advised of the fact that additional insurance had been taken is sought to be made the predicate of a waiver by the company, or of an estoppel against it. The priciples stated may be conceded. Niagara Fire Ins. Co. v. Johnson, 231 Ky. 430, 21 S. W. (2d) 794; Continental Ins. Co. v. Simpson, 220 Ky. 168, 294 S. W. 1048; Glens Falls Ins. Co. v. Elliott, 223 Ky. 205, 3 S. W. (2d) 219; Phoenix Ins. Co. v. Spiers & Thomas, 87 Ky. 285, 8 S. W. 453, 10 Ky. Law Rep. 254; Hurst Home Inc Co. v. Ledford, 207 Ky. 212, 268 S. W. 1090; Northwestern Nat. Ins. Co. v. Avant, 132 Ky. 106. 116 S. W. 274; Rogers v. Farmers' Mutual Aid Assn., 106 Ky. 371, 50 S. W. 543, 20 Ky. Law Rep. 1925; London & Lancashire Ins. Co. v. Gerteisen, 106 Ky. 815, 51 S. W. 617, 21 Ky. Law Rep. 471; Continental Ins. Co. v. Turner, 222 Ky. 608, 1 S. W. (2d) 1063; Westchester Fire Ins. Co. v. Wilson, 220 Ky. 142, 294 S. W. 1059; Owens v. National Life & Accident Co., 234 Ky. 788, 29 S. W. (2d) 557; Germania Ins. Co. v. Ashby, 112 Ky. 303, 65 S. W. 611, 23 Ky. Law Rep. 1564, 99 Am. St. Rep. 295; White Plains Coal Co. v. Tague, 163 Ky. 110, 173 S. W. 360.

It is a general rule of the law of agency that a principal is affected with constructive knowledge, re-

gardless of his actual knowledge, of all material facts of which the agent receives notice or acquired knowledge while acting in the course of his employment and within the apparent scope of his authority, even though the agent may fail to inform his principal thereof. 2 C. J., sec. 542, p. 859. The rule is not applicable, however, unless the notice has reference to the business in which the agent is engaged under authority from the principal, and is pertinent to matters coming within the purview of such authority, 2 C. J., sec. 544, p. 863; Levi v. Gonzenbach, 236 Ky. 586, 33 S. W. (2d) 657. In all other instances it is essential that the agent shall actually advise the principal. German Ins. Co. v. Goodfriend, 97 S. W. 1098, 30 Ky. Law Rep. 218; Tate v. Ill. Cent. R. R. Co., 81 S. W. 256, 26 Ky. Law Rep. 309, 341. The reason upon which the rule rests is that the agent is presumed to advise his principal of matters which he is under a duty to disclose, and which his principal has a right to know (Harrington v. U. S., 11 Wall. 356, 20 L. Ed. 167; Day v. Exchange Bank, 117 Ky. 357, 78 S. W. 132, 25 Ky. Law Rep. 1449), although some authorities assert that the principle is one of substantive law based upon a fiction of the legal identity of the principal and the agent (Hall, Etc., Machine Co. v. Haley Furniture Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924).

But even in those cases the fiction of legal identity prevails only while the agent is acting for his principal and within the apparent scope of his authority as agent.

When the circumstances are such as to raise a clear presumption that the agent will not transmit his knowledge to his principal, the rule that notice to the agent binds the principal does not apply. 2 C. J., sec. 549, p. 868; Sebald v. Citizens Dep. Bank, 105 S. W. 130, 31 Ky. Law Rep. 1244, 14 L. R. A. (N. S.) 376.

Of course, if the party dealing with the agent is not advised of the circumstances that render inapplicable the usual presumption which attributes to the principal the knowledge of the agent respecting matters involved in the business in hand, he is unaffected by such circumstances. Armstrong v. Ashley, 204 U. S. 272, 27 S. Ct. 270, 51 L. Ed. 482. An apt illustration is afforded by the case of Globe Mutual Life Ins. Co. v. Wolff, 95 U. S. 333, 24 L. Ed. 387, where two distinct grounds of waiver and estoppel were involved. The agent had granted grace in the payment of a premium note in his hands

for collection. It was held that the company was bound by the act of the agent in that respect. But the insurance company was held not to waive a forfeiture incurred by residence of the insured within a prohibited district, even though known to the agent, because it was not within the apparent or actual authority of the agent to waive a forfeiture upon that ground, and there was nothing in the conduct of the company inconsistent with the assertion of a forfeiture for that reason. Cf. Knickerbocker Life Ins. Co. v. Norton, 96 U. S. 245, 24 L. Ed. 689. Applying these general principles to the present case, we return to the testimony of the appellant respecting his transactions with the local agent who had completed his connection with the policy in question when he had received and transmitted the application for the insurance. The policy had been mailed to Martin, and he had paid the premiums through an independent channel. The insured was familiar with the terms of the policy, and knew that written notice of the additional insurance was required to maintain the policy in force for its face value. Choosing to consult the agent instead of conforming to the simple directions of his contract, he was content with an equivocal statement of the agent that he would advise the company, "if he considered it necessary." The insured knew it was necessary, and he was not justified in taking the risk he did on such an uncertain and equivocal declaration of the agent. He was not misled thereby, and the company was not estopped. South v. Phila. Fire & Marine Ins. Co., 217 Ky. 612, 290 S. W. 493; Owens v. National Life & Accident Co., 234 Ky. 788, 29 S. W. (2d) 557.

Hence, the circuit court did not err in ruling that recovery on the policy under the proof was limited to that "portion of the indemnity promised as such indemnity bore to the total amount of like indemnity in all policies covering such loss, and for a return of such part of the premium paid as exceeded the pro rata for the indemnity thus determined."

But the court erred in directing a verdict for the defendant. It was admitted in the answer that the defendant was liable for $1,002.20 and the court should have rendered judgment for that amount with interest from the time it was due. The Civil Code of Practice, sec. 380, provides: "If only a part of a claim be controverted, judgment may at any time be rendered for the part not controverted." A party is entitled to judgment

for the uncontested amount of his claim, without precluding himself from prosecuting his action to recover the residue claimed. Maxwell v. Dudley, 13 Bush 403; Campbell v. C. S. R. W., 80 Ky. 585; O'Connor v. Henderson Bridge Co., 95 Ky. 635, 27 S. W. 251, 983, 16 Ky Law Rep. 244. It is provided also by section 386 of the Civil Code of Practice, that "judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him."

It was the duty of the court, as a matter of law, to render judgment for the plaintiff for the amount admitted by the answer to be due. Such right was not affected by the offer of the defendant to confess judgment. That offer was conditioned on its acceptance by the plaintiff in full of his demands. An offer to confess judgment under section 640 of the Civil Code of Practice is designed to end the litigation. Such an offer, if refused, does not defeat the right of the defendant to contest the entire claim, and is not admissible in evidence against the party who makes it. If the offer is declined, and a greater sum is not recovered, the plaintiff is denied a recovery of costs accruing after the offer is made. Evans v. Chapel, 13 Bush 121; Tyler v. Hamilton, 108 Ky. 120, 55 S. W. 920, 21 Ky. Law Rep. 1516; Casualty Co. v. Taylor, 164 Ky. 786, 176 S. W. 194. But apart from the matter of costs, the offer to confess, when rejected, has no further function in the case. If not accepted, it is the same as if it had never been made. Kelley v. Combs, 57 S. W. 476, 22 Ky. Law Rep. 365; Tyler v. Hamilton, supra; Little v. Security Mutual Ins. Co., 150 Ky. 35, 149 S. W. 1112.

But that offer did not affect or change the character of the pleadings, and admissions there made are the appropriate basis of a judgment of the court. The plaintiff's petition was filed April 10, 1930. It contained a prayer for interest from the date of the accident, but the date was not stated in the pleading. No other allegation was made as to when the payment was due. Hence the plaintiff was entitled to interest from the date of the filing of his petition. Fidelity & Dep. Co. v. Husbands, 174 Ky. 200, 192 S. W. 51; Brown & Bro. v. Lapp, 77 S. W. 194, 25 Ky. Law Rep. 1134; Caldwell & Drake v. Pierce, 154 Ky 771, 159 S. W. 559.

It is suggested by the appellee that this case is governed by the decision in Standard Accident Insurance

Co. v. Bailey, 235 Ky. 626, 32 S. W. (2d) 5, under which no recovery could be allowed. But that question was not raised by the pleadings, and so cannot be considered here. The court should render a judgment for the plaintiff for $1,002.20, with interest from April 10, 1930, and the costs of the case in this court. The costs in the circuit court, after the offer to confess judgment was made, should be paid by the plaintiff. Civil Code of Practice, sec. 640; Schnute Holtman & Co. v. Sweeney, 136 Ky. 773, 125 S. W. 180.

The judgment is reversed, with directions to render judgment in favor of plaintiff in accordance with this opinion.

Whole court sitting.