## Svea Fire & Life Ins. Co. v. Walker.

(Decided Nov. 22, 1932.)

F. M. DRAKE, and C. W. BENNETT for appellant.
RAYBURN & WITHERS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Cass L. Walker sued the Svea Fire & Life Insurance Company upon a contract of insurance for $1060, asserting a total loss of the insured property. A judgment in plaintiff's favor was reversed by this court upon the ground that the petition was fatally defective in failing to allege the value of the insured property at the time of its destruction. Svea Fire and Life Insurance Co. v. Walker, 235 Ky. 289, 30 S. W. (2d) 1105. After the mandate of this court was filed, the petition was amended to conform to the opinion, and the case was retried. The plaintiff again recovered a verdict for $1060 upon which judgment was rendered allowing interest from the date the suit was filed.

The insurance company has appealed again, insisting that the plaintiff's evidence of value was incompetent, that improper and prejudicial argument to the jury was permitted, and that interest on the amount of the verdict beginning from the beginning of the action was erroneously allowed.

1. The plaintiff was a dealer in automobiles, and the insured car was held for resale. The testimony tended to show that the car was new, and in good condition; that the original cost thereof was $1,100; and that its reasonable market value at the time of its destruction exceeded the amount of the insurance. Criticism is leveled at questions addressed to the plaintiff designed to elicit his opinion as to the reasonable market value of the car to him as a salesman and as an agent. The objection to these questions was sustained. The witness was recalled later and permitted to testify to the reasonable market value of the car. Another witness was permitted to express an opinion as to the reasonable market value of the automobile to a retail salesman. The reference to the salesman was unnecessary, but the car was not in use, and possessed no special value to a salesman. It is not apparent how the reference to a retail salesman could be material, unless it was meant to suggest the qualifications of the witness. The character of the car was fully developed, and any technical inaccuracy in the ques-

tion asked the witness was not prejudicial to the appellant.

The authorities sustain the view that witnesses familiar with personal property may testify as to its value, even though they are not experts upon the subject. L. & N. R. Co. v. Jones (Ky.) 52 S. W. 938, 21 Ky. Law Rep. 749; Davis v. Rhodes, 206 Ky. 340, 266 S. W. 1091; C. & O. Ry. Co. v. Boren, 202 Ky. 348, 259 S. W. 711.

2. The argument of counsel complained of by the appellant was addressed to the issues in the case and confined to the evidence adduced. The defense of the insurance company was rested upon an alleged representation that the car insured was a 1927 model, when in truth it was a 1926 model, and that it was purchased a year earlier than the applicant for insurance asserted. The point of the argument was that the insurance company did not rely upon any representation, but resorted to means within its own control to ascertain the facts respecting the model of the car and the date of its purchase. The court clarified the situation by an admonition which confined the argument within its proper bounds. The matter was dealt with in the former opinion, where it was said that the evidence commented upon by counsel was admissible "to show that this agent did not write the policy in reliance upon anything the appellee said, but upon sources of information which he claimed to have in his own possession." Since the evidence was competent and admitted, obviously it was proper for counsel to base an argument thereon.

3. The court directed the jury to find "the market value" of the car at the time of its destruction as the measure of recovery. The verdict was for $1,060, and the court rendered judgment accordingly, adding interest from the date the petition was filed. The defendant had denied all liability for the loss, and, under the circumstances appearing, the court did not abuse its discretion in awarding interest from the time the action was commenced. Home Ins. Co. v. Roll, 187 Ky. 31, 218 S. W. 471; Martin v. Provident Life & Accident Co., 242 Ky. 667, 673, 47 S. W. (2d) 524.

Judgment is affirmed.