# Louisville Clothing Co. et al. v. Harned.

(Decided March 19, 1935.)

R. F. PEAK and J. W. FITZPATRICK for appellants.

STEINFELD & STEINFELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On February 4, 1924, the Louisville Clothing Company, M. R. Harned, Asa Harned, and W. J. Jones executed and delivered to Wilhelmina B. Harned their promissory note by which they agreed to pay her on demand the sum of $2,800, with interest at the rate of 6 per cent. per annum. On August 11, 1932, there was paid on this note the sum of $1,000.

On September 13, 1927, the same parties executed and delivered to Mrs. Harned their note by which they agreed and promised to pay her the sum of $1,900 one day after date, with interest from date at the rate of 6 per cent. per annum.

In the month of January, 1934, Mrs. Harned brought suit to recover on the two notes. The Louisville Clothing Company, Asa Harned, and W. J. Jones filed an amended answer, set-off, and counterclaim, which, after pleading that Mrs. Harned was the wife of J. L. Harned, who was a traveling agent of the Louisville Clothing Company, that he was frequently absent for long periods of time, that it was necessary for J. L. Harned and his wife to have a drawing account, that Mrs. Harned and her husband at different times drew upon the Clothing Company for such money as they needed, and that all of such money was to be credited upon the note sued on, concludes as follows:

"The amount so withdrawn by the plaintiff and her said husband was Six Thousand One Hundred Two Dollars Seventy Cents plus a large sum of

interest thereon amounting to about One Thousand Three Hundred Sixty-Two Dollars Twenty-five cents ($1,362.25) making a total of Seven Thousand Forty-four dollars, Ninety-five cents ($7,044.95) all of which is now due and unpaid except a credit thereon of Three Thousand Five Hundred Seventy-five dollars ($3,575.00) paid on salary to J. L. Harned and the two notes sued on and filed herein; that said two notes minus interest amounts now to Three Thousand Seven Hundred Dollars ($3,700.00), leaving a balance of One Hundred Ten Dollars four cents ($110.04) due the plaintiff for which sum the Clothing Company now offers to confess judgment. These defendants make this Answer, Counter Claim and Set Off against the plaintiff and pray that she take judgment of One Hundred Ten Dollars, Four Cents ($110.04) and no more. They pray for cost and all general and proper relief to which it may appear that they are entitled.''

Thereafter, Mrs. Harned moved the court for judgment in the sum of $939.83, the uncontroverted part of the sum sued for. The motion was sustained, and judgment for $939.83 rendered. Later, on a motion to set aside, the judgment was overruled. The Louisville Clothing Company and Asa Harned appeal.

Appellants take the position that the amended answer, set-off, and counterclaim was a mere offer to confess judgment for a part of the amount claimed, and, that being true, sections 635, 636, and 640, Civil Code of Practice, are controlling, and the offer was not an admission of the cause of action or the amount to which appellee was entitled, and for that reason appellee was not entitled to a judgment for any sum. There might be merit in this contention if the pleading had attacked the entire claim less the amount for which appellants offered to confess judgment, but that is not the case. The execution of the notes is admitted. After calculating interest on all the credits, appellants claimed a net credit of $3,575. They fixed the sum due on the notes as $3,700, minus interest. Interest was as much a part of the notes as the principal, and there was no defense against the interest. Together with interest the notes amounted to $4,634.20, or $1,059.30 in excess of the net credit claimed by appellants. In the motion for judgment the uncontested part was fixed at $939.83, and judgment went for that amount. Including the sum

444

for which appellant offered to confess judgment the uncontested part exceeded the sum for which judgment was given. Clearly to that extent the case is one where at least $939.83 was uncontested, and judgment for that amount was clearly authorized. Section 380, Civil Code of Practice; Martin v. Provident Life & Accident Ins. Co., 242 Ky. 667, 47 S. W. (2d) 524.

Judgment affirmed.

Whole court sitting.