SPRINGFIELD FIRE & MARINE INS. CO. v. GRAY.

WESTCHESTER FIRE INS. CO. v. GRAY.

Court of Appeals of Kentucky.

May 29, 1953.

Ogden, Galphin & Abell, Louisville, Stoll, Keenon & Park, Lexington, for appellants.

C. W. Fulton, Flemingsburg, Andrew Fox, Maysville, for appellee.

DUNCAN, Justice.

The present appeal marks the second appearance of these cases before this Court. The first opinion, reported in 240 S.W.2d 825, contains a complete statement of the facts, and we shall not repeat them here.

On the first appeal, it was held that the insured had failed to substantially comply with the inventory and iron safe provision of the policies and that such noncompliance would defeat recovery unless there had been a waiver of the provisions in question by the agent for the insurers. Upon the second trial, the question of waiver was submitted to the jury and a verdict was returned in favor of the insured. The sole question now presented is whether or not the facts shown are sufficient to constitute a waiver of the inventory and iron safe provision of the policies.

Appellee testified that he approached Marion Rhodes, the agent for the appellant companies, and asked for insurance on his stock of goods. He testified that the terms of the policies were not discussed and he was not advised as to any requirement for making and preserving an inventory or keeping a record of his sales and purchases. He further stated that no inquiry was made as to his method of bookkeeping or the type of place he had in which to preserve his records. The agent was also an employee of a bank with which appellee had done business, and it is insisted that he knew that country merchants generally and appellee particularly, with whose education and business methods he was especially acquainted, did not maintain the type of records required by the policies.

This Court has repeatedly, and without a single exception, held that before there can be a waiver of a condition in an insurance policy the insurance company or its agent must have clear knowledge of the facts upon which the waiver is based. In the early case of Germania Life Insurance Co. of New York v. Lauer, 123 Ky. 727, 97 S.W. 363, 364, it was said:

"When a party seeks to avoid a condition in a contract that would defeat its enforcement by a plea that the con-

dition was waived, he must show that the person whose acts are relied on to establish the waiver had knowledge of the essential facts necessary to enable a person of ordinary prudence and judgment to act understandingly."

In South v. Philadelphia Fire & Marine Insurance Co., 217 Ky. 612, 290 S.W. 493, 494, it was held that loose and indefinite statements were insufficient to give the company notice that the insured had taken out additional insurance in violation of the provisions of the policy. There, it was said:

"However, in order to constitute such election upon the part of the company to continue the policy in force, it must appear that it had clear notice of the additional insurance, * * *."

In Citizens' Insurance Company of New Jersey v. Railey, 256 Ky. 838, 77 S.W.2d 420, 422, it was held that constructive knowledge of the condition of insured's title did not constitute a waiver of the sole and unconditional ownership provision of the policy, the Court there saying:

"It is a rule of general application that the knowledge of an insurance company or its agent which will form the basis for the waiver of a provision in the policy must be actual notice and constructive notice imparted by the recordation of a deed is not sufficient."

The general rule has also been recognized and approved in Prudential Insurance Company of America v. Lampley, 297 Ky. 495, 180 S.W.2d 399, and Western & Southern Life Insurance Co. v. Downs, 301 Ky. 322, 191 S.W.2d 576.

There is not even an inference here that the agent for the appellant companies knew that appellee did not intend to comply with the record-keeping requirement of the policies. To permit a waiver to rest upon the facts shown here would, in effect, require insurance companies to affirmatively discover in advance whether or not an insured intends to comply with the provisions of the policy. We find no judicial precedent, domestic or foreign, supporting the imposi-

tion of such a duty. We, therefore, conclude that there was no waiver of the policy provisions.

In this case, the appellee had the policy in his possession for five months before the fire. He had ample opportunity to read the policy and note its requirements. In the absence of a waiver of that provision, the inventory and iron safe clause constituted a condition which he was required to observe. The court should have directed a verdict for the appellants.

The judgment is reversed for proceedings in conformity with this opinion.